STATE v. DONOVAN HARRINGTON,
BOBBY NICHOLS AND JAMES CHRISCO.

(Filed 11 January 1963.)

**Burglary and Unlawful Breakings § 4; Larceny § 7—**

Evidence tending to show that a grocery store was broken into and certain articles stolen therefrom, together with evidence that defendants

broke into and robbed a filling station, without evidence connecting the two, either as to time or place, is insufficient to be submitted to the jury.

APPEAL by defendant James Chrisco from *Fountain,* Special Judge, February Term 1962 of CHATHAM.

This is a criminal action in which the defendant James Chrisco and others were tried on a two-count bill of indictment charging breaking and entering the premises of Roy Holt on 2 November 1960, with intent to steal, and charging larceny of certain merchandise.

Roy Holt testified, "I am in the grocery business which is operated by my sister at Merry Oaks. I went to the store on the morning of November 3, 1960. The window was out. The glass was busted out and all my tires were gone. * * * I missed tires, socks, stockings * * *. Articles not present when I opened up were, six auto tires, a rack of men's socks and ladies' hose, a little bit of anti-freeze and a few cigarettes. * * * I have never seen any of the merchandise again."

Robert Samuels, State Highway Patrolman, testified that he saw the defendants Bobby Nichols and James Chrisco about 10 o'clock on the night of 7 November 1960; that he found in the trunk of Bobby Nichols' 1955 Ford: "Rod and reel, guitar, drop cord, razor, 22 rifle, typewriter, box of socks, dynamite caps, some canned fruit, shot gun shells, 22 rifle bullets, some cigarettes"; that the car belonged to the Nichols boy and not to James Chrisco; that Chrisco said he did not know anything was in the back of the car. "I took one box of men's socks into custody that night. * * * I personally did not move the box of socks from the car. The next time I saw the box it was in the Sheriff's Office at Carthage. There were no tires in the trunk, no ladies' hose, no anti-freeze * * *. I turned everything over to the Sheriff."

J. W. Emerson, Sheriff of Chatham County, testified that he made an investigation of this case; that he went to Holt's store and saw Mr. Holt's sister there. "I found the finger prints of Donovan Harrington. I went to Carthage on the 8th or 9th of November, 1960. I got the box of socks out of the Sheriff's office at Carthage. * * * I identified the box by Mr. Holt's price mark. I don't actually know where the socks came from. I got the box of socks from Sheriff's office in Moore County. This is all I know about it. The room was full of stuff at the Sheriff's office * * *. Out of the whole room the socks were the only thing I could identify."

Mrs. Blanche Holt testified, "I am sister of Roy Holt and run store, Missing from store were 6 tires, 4 boxes men's socks, not full, 4 dozen ladies' hose, two gallons anti-freeze, two cartons cigarettes, one Dan River sport shirt. * * * This box of socks looks like some of ours. I can't vouch whether they all came from store or not. I think I made the marking on the box."

The defendant Harrington testified as a State's witness that he and the other defendants rode around for a while. "I know about the filling station and church. Had never been there before and have not been back since. We went up to the filling station, James knocked out the glass, I pulled the window frame out and Bobby went in, I started in and they told me to go get the car. They threw the stuff out and I put it in the trunk and in the back seat. I had never seen the store before."

The jury returned a verdict of guilty as charged. From the judgment imposed on the verdict, the defendant James Chrisco appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General Harry W. McGalliard for the State.*

*H. F. Seawell, Jr., for defendant Chrisco.*

PER CURIAM. The State's evidence reveals that Roy Holt's grocery store at Merry Oaks was broken into on the night of 2 November 1960 and that certain merchandise was stolen therefrom. However, there is no evidence tending to show that the filling station which the defendant Harrington testified that he and the other defendants broke into and robbed was located at Merry Oaks, or that the filling station referred to and Holt's grocery store were one and the same. Neither did Harrington identify or describe any of the merchandise taken from the filling station or store by him and the other defendants. Furthermore, there is nothing in the State's evidence to the effect that the breaking and entering and the theft about which the defendant Harrington testified occurred on the night of 2 November 1960.

While the evidence tends to show that the defendants broke into and robbed a filling station somewhere, at sometime, it does not connect the appellant herein with the breaking and entering and the theft of merchandise from Holt's grocery store at Merry Oaks on the night of 2 November 1960.

In our opinion, the State's evidence adduced in the trial below was insufficient to support the verdict returned against the appellant. The defendant Chrisco's motion for judgment as of nonsuit, interposed at the close of the State's evidence and renewed at the close of all the evidence, should have been allowed.

Reversed.