STATE OF NORTH CAROLINA v. CHARLIE LENTZ AND WILLIE LEON WILLIAMS.

(Filed 19 April, 1967.)

**1. Criminal Law § 32—**

Defendant does not have the burden of proving his defense of an alibi, but the burden remains on the State to prove his guilt beyond a reasonable doubt.

**2. Criminal Law § 94—**

When the conduct of a witness so requires, the court may admonish him not to argue with the solicitor but to answer the questions propounded by the solicitor.

**3. Criminal Law § 43—**

Where the prosecuting witness testifies that she fought with defendant in resisting armed robbery, photographs showing bruises and injuries to her face, even though made a week or so after the event, are competent for the purpose of corroboration, the time interval being explained to the jury.

**4. Criminal Law § 82—**

A witness who had identified defendant in her testimony may testify that she had told a third person that she was sure she was right in the identification, the testimony being of what the witness herself had said and therefore not hearsay, and it being competent for a witness to corroborate herself by testifying that she had made the same statement to another and as laying the foundation for corroborating evidence from such third party, even though the third party is not later called as a witness for the purpose of corroboration.

**5. Criminal Law § 71—**

A statement voluntarily made by defendant is competent when made after defendant had been advised of his constitutional right to remain silent, his right to have counsel present at the interrogation, and that, if he could not afford counsel, counsel would be appointed for him, and warned that anything he said could be used against him.

**6. Criminal Law § 162—**

In the absence of objection or motion to strike, the incidental remark of a witness, after stating that he knew the defendant, that he had not seen him "since he got back from the County Home" will not be held prejudicial, since persons other than criminals are sent to the County Home, and such statement is not rendered prejudicial upon its repetition in response to further question of the solicitor.

**7. Criminal Law § 109; Robbery § 5—**

Where all of the evidence discloses that the offense committed was that of armed robbery and the sole question is the identity of defendants as the perpetrators of the crime, it is not required that the court submit the question of defendants' guilt of less degrees of the offense charged.

APPEAL by defendants from *Brock, S.J.,* October 10, 1966 Criminal Term of FORSYTH Superior Court.

Charlie Lentz, Leon James Gwyn and Willie Leon Williams were convicted of armed robbery, and from prison sentences then imposed, Lentz and Williams appealed.

The State offered evidence tending to show that on September 2, 1966 at approximately 10:30 p.m., the three defendants entered the Mize Supermarket and stole at gun point $850.19 belonging to the owner, Edna Mize. The testimony of an employee, Mabelline Barringer, and a customer, Herman Stimpson, was offered to prove the identity of the defendants. Mrs. Edna Mize testified that she knew the defendants by appearance, as they had traded in her store, but did not know their names. She said that she fought with one of the defendants who was wearing a red ski hood. During the fight, she saw the lower portion of his face and also observed his eyes through the slits in the ski mask. She recognized him as a frequent customer to her store. Mrs. Mize also had an altercation with another one of the defendants who was wearing a blue stocking or bandana around his face. During the struggle, she pulled down the bandana when he was only about two feet away, and thus she was able to identify him.

The State also offered the testimony of the investigating officer, E. G. Cook. He testified concerning several conversations he had with Edna Mize concerning the facts about the robbery and the identity of the persons involved. Mabelline Barringer identified defendant Lentz in a line-up as being one of the robbers. On cross examination, Officer Cook stated that Mrs. Mize also viewed the same line-up but failed to identify Lentz.

Defendant Lentz offered the testimony of Victoria Carethers and James Carethers who testified, in substance, that Lentz remained at their home the entire night in question.

Leroy Lentz, the brother of defendant Charlie Lentz, also tes-

tified that he observed his brother at the Carethers' home that night.

Defendant Leon James Gwyn testified that he was drinking some wine with Charlie Lentz and another friend until about 8:30 that night at which time he felt himself getting high and went home.

Mary Rose Young and her two children testified that on that particular night the defendant Williams slept at their house. Mrs. Young testified that Williams laid down about six o'clock that night because he was drunk and that he did not awake until the following morning.

Upon verdict of guilty and judgments pronounced thereon, the defendants appealed.

*Randolph and Drum, by Clyde C. Randolph, Attorneys for defendant appellant Charlie Lentz.*

*Booker and Sapp, by Robert H. Sapp, Attorneys for the defendant appellant Willie Leon Williams.*

*T. W. Bruton, Attorney General, and Harry W. McGalliard, Deputy Attorney General, for the State.*

PLESS, J. The defendants have presented one case on appeal, but each has filed a separate brief.

The case largely depends upon the identity of the persons who robbed Mrs. Mize. All of the elements of armed robbery are present, and the only seriously contested issue was the question "who did it?" Mrs. Mize, Mabelline Barringer and Herman Stimpson identified the defendants, while the defendant Lentz offered as an alibi that he was at the home of Victoria Carethers at the time, while Mary Rose Young and her two children testified that the defendant Williams was at her home at the time of the robbery.

Even though a defendant offers evidence of an alibi, he is not required to prove it. The burden is still cast upon the State to prove his guilt beyond a reasonable doubt. *S. v. Minton,* 234 N.C. 716, 68 S.E. 2d 844; *S. v. Bridgers,* 233 N.C. 577, 64 S.E. 2d 867; *S. v. Sheffield,* 206 N.C. 374, 174 S.E. 105.

Lentz excepts to the admonishment of the Court that he answer the questions being propounded to James Carethers. The Court rather emphatically instructed the witness Carethers not to argue with the solicitor but to answer his questions. The Court has the right and the duty to require witnesses to answer the questions propounded, and in so doing there was no error. 88 C.J.S., Trial § 49(3).

Lentz also excepts to the admission of photographs of Mrs. Mize which showed the bruises and injury on her face. They were offered to illustrate the testimony of Mrs. Mize and were properly admitted for this purpose.

The defendant particularly complains that the picture showed the condition a week or so after the event rather than at the time of it. This point was made clear to the jury, and the Court was correct in its ruling. A witness may use a photograph to illustrate his testimony and make it more intelligible to the court and jury. *Simpson v. Oil Co.*, 219 N.C. 595, 14 S.E. 2d 638. "It will not necessarily be excluded because * * * it was not made at the time of the event to which the testimony relates." Stansbury, N. C. Evidence, 2d Ed. § 34.

The defendant Lentz further excepts to the evidence of Mrs. Mize that she had told Mabelline Barringer that she was sure she was right in identifying Lentz. This feature of Mrs. Mize's testimony was the subject of examination and of cross examination several times. It must be recalled that the witness was testifying as to what she had said rather than attempting to corroborate somebody else as to what the other person had said. There is a distinction, since the State may lay the foundation for corroborating evidence in this manner even though the latter is not offered or is excluded because it does not corroborate. ". . . it is settled by this Court that a witness can corroborate himself by testifying that he had made the same statement to other parties. *S. v. Maultsby*, 130 N.C. 664." *S. v. Journegan*, 185 N.C. 700, 117 S.E. 27.

The State offered the testimony of Officer E. G. Cook that Lentz told him that he went to his brother's home about 8:00 o'clock; that a party was going on; that he got intoxicated and laid on the sofa and slept there. This was offered to contradict the evidence offered for Lentz that he was at the Carethers' home at the time of the robbery. The exception is based upon the claim that there was no finding by the court that Lentz's statement was voluntary. However, Officer Cook had previously testified that when he first talked with Lentz and Williams he had advised them of their right to remain silent; that anything they said could be used against them in court; that they were entitled to counsel; that if they could not afford counsel the court would appoint counsel for them, and the defendants could have counsel present at the interrogation. There was no request for findings by the court and no contradiction of this evidence by the defendants. The defendants' rights were thus protected and the exception is not sustained.

Mrs. Mize also identified Williams as the person wearing the red ski hood which she pulled up and saw his face while he was striking her. Williams claimed that he became drunk at the home of Mary Rose Young, laid down about 6:00 o'clock and did not awake until the following morning. The jury accepted the evidence

for the State, and we now consider the exceptions raised in his behalf.

The defendant Gwyn, who was also convicted but did not appeal, testified that he knew that "I hadn't seen Leon Williams since he got back from the County Home." The solicitor then asked, "You say since he got back from the County Home?" — to which the witness replied, "That's right." The record merely shows that Gwyn made the above statements, which were apparently incidental, until it was repeated in response to the solicitor's question. While it is recognized that persons are sometimes sent to the county home to serve there instead of in prison, it is also true that county homes have paid employees and that persons are taken there because of ill health, old age, and poverty, and the court cannot assume the conditions under which Williams was at the county home. There was no objection or request to strike the first statement of the witness that Williams had been at the county home, and we cannot hold that this information, having been put before the jury without exception, becomes prejudicial when repeated.

Williams also excepts to the failure of the court to instruct the jury that he might be found "guilty of some lesser degree of the offense charged: common-law robbery, attempted robbery, assault with a deadly weapon or simple assault."

Upon the evidence of the State, which was uncontradicted as to the event, and questioned only as to the perpetrators, all of the elements of the offense of armed robbery were clearly shown, and there was no evidence to indicate that any person committing the acts alleged by the State was guilty of any lesser offense, and the exception is overruled.

Both the defendants were identified by several persons as the ones who robbed Mrs. Mize. The defendants denied their guilt and offered evidence of an alibi. It thus became a question for the jury to determine, and it has done so by its verdict of guilty as to both of the defendants. Upon consideration of the record and the exceptions noted by the defendants, we are of the opinion, and so hold, that in their trial there was

No error.