STATE v. SIDNEY EARL O'NEAL.

(Filed 17 April 1968.)

**1. Criminal Law § 104—**

   Contradictions and discrepancies, even in the State's evidence, are for the jury to resolve and do not warrant nonsuit.

**2. Burglary and Unlawful Breakings § 5;   Larceny § 7—**

   Testimony of accomplice *held* sufficient to be submitted to jury on issue of defendant's guilt of the felonious breaking and entry into a garage and the larceny of goods therefrom.

**3. Criminal Law § 32—**

   Defendant is not required to prove his defense of alibi, and the burden remains on the State to prove his guilt beyond a reasonable doubt.

**4. Criminal Law § 112—**
    The court's instruction on the burden of proof arising from defendant's evidence of alibi *is held* without error in this case.

APPEAL by defendant from *Canaday, J.,* September 1967 "R" Criminal Session of WAKE.

Criminal prosecution on an indictment containing three counts: (1) The first count charges a felonious breaking and entry into a storehouse with the felonious intent to commit the crime of larceny; (2) the second count charges the larceny of personal property from said storehouse by means of a felonious breaking and entry into the building; and (3) receiving stolen personal property well knowing at the time of its receipt that it had been theretofore feloniously stolen, taken, and carried away. Defendant, who was represented at the trial by counsel employed by himself, Earle R. Purser, pleaded not guilty.

The court submitted to the jury only the first two counts in the indictment. Verdict: Guilty of breaking and entering and guilty of larceny as charged in the indictment.

From a single judgment of imprisonment for not less than three years nor more than five years, defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General Bernard A. Harrell for the State.*
*William T. McCuiston for defendant appellant.*

PER CURIAM. Defendant on appeal was represented by a lawyer employed by himself, William T. McCuiston.

The State and the defendant offered evidence. Defendant assigns as error the overruling of his motion for judgment of compulsory nonsuit made at the close of all the evidence.

The State's evidence tends to show the following facts: Sherrill Wade Daniel is 19 years old and has known defendant Sidney Earl O'Neal practically all of his life. About 7:30 or 8:00 p.m. on 5 October 1966, he saw defendant at a poolroom in the town of Wake Forest. They had a conversation about a garage building owned by James W. Carter, who operated it as a business by the name of Bradsher's Garage; they decided they would break into Bradsher's Garage, which is located on U. S. #1 North about two miles out of Wake Forest. Defendant, Daniel, Danny Oakley, and Steven O'Neal (a cousin of defendant's) left the poolroom in a blue, white-top Dodge convertible belonging to and driven by defendant. After the four persons had stopped by Choplin's Restaurant to eat, defendant drove to Bradsher's Garage and they "looked at the place and sort

of checked around some." It was about 10:00 or 10:30 p.m., and Bradsher's Garage was closed. After looking around Bradsher's Garage, they parked defendant's car about three-quarters of a mile from the garage on the other side of a church so that it would not attract attention as much as if it were parked in front of the garage. They left the car and went to Bradsher's Garage, and defendant and Daniel broke into the side door of the garage by prizing the lock off the wooden door with the use of a tire tool and screwdriver. Then defendant, Daniel, Steven O'Neal, and Danny Oakley went into the garage. Defendant and Daniel broke into a vending machine therein by the use of a tire tool. They took a quantity of cigarettes out of the vending machine and some money therefrom, and a battery charger was taken from the garage. After committing the robbery, all four of them went back to defendant's car and he drove to his home. In defendant's home they divided the cigarettes and the money four ways. The battery charger taken out of the store was left in defendant's possession. On the night of 5 October 1966 or sometime thereafter R. A. Branch, a Deputy Sheriff of the Wake County Sheriff's Department, received a call that Bradsher's Garage had been broken into. He went there and found that the lock on the door on the west side had been ripped off and the door was open. He went inside and found that the vending machines containing drinks and cigarettes had been broken open. He could not say of his own knowledge how many cigarettes were missing or how much money was missing. Counsel for the defendant and for the State stipulated that on 5 October 1966 James W. Carter owned a business known as Bradsher's Garage, and on that night a battery charger, 50 packs of cigarettes, and U. S. currency, with a total value of $87.25, were removed from Carter's place of business without his permission.

In April or May 1967 Officer Branch talked with Sherrill Wade Daniel at Camp Polk Youth Center, where he was serving time for forgery. After warning him of his constitutional rights, he and Branch engaged in a conversation. Daniel said that while he was at the Camp Polk Youth Center that "he wanted to complete everything that he was guilty of; that he wanted to get all of his crimes behind him, and admit his guilt." He then told Officer Branch about the break-in at Bradsher's Garage and the larceny of goods therefrom. From the record it appears that Danny Oakley was not prosecuted because he was a juvenile, and is now in a youth center. The evidence does not disclose how old Steven O'Neal is or what became of his case.

Defendant introduced evidence tending to show that he got off work about 5:30 or 6:00 p.m. on 5 October 1966 and went directly

to his home; that his wife was there; that his mother and brother came in, and his brother left around 8:00 or 8:30 p.m. and his mother left about 11:00 p.m.; that his father came in later in the night; that he did not leave his house during the night nor did he see the State's witness Sherrill Daniel that night; that his wife got up during the night to feed the baby and he (defendant) was in his bed asleep; and that he is not guilty and he did not participate in the offenses charged against him in the indictment. He also introduced evidence tending to show that when he heard there was a charge against him in this case, he looked up an officer.

There are some contradictions and discrepancies in the testimony of Sherrill Wade Daniel and Officer Branch as to the night Bradsher's Garage was broken into and goods stolen therefrom, but according to a stipulation by defendant's counsel and the State Bradsher's Garage was broken into on 5 October 1966. It is well-settled law in this jurisdiction that contradictions and discrepancies, even in the State's evidence, are for the jury to resolve and do not warrant a nonsuit. 2 Strong, N. C. Index 2d, Criminal Law, § 104. The State offered plenary evidence to carry the case to the jury on the charges in the indictment of breaking and entry and of larceny. The case of S. v. Harrington, 258 N.C. 529, 128 S.E. 2d 886, relied upon by defendant, is clearly distinguishable upon the facts. It is stated in the opinion in the Harrington case that "while the evidence tends to show that the defendants broke into and robbed a filling station somewhere, at sometime, it does not connect the appellant herein with the breaking and entering and the theft of merchandise from Holt's Grocery Store at Merry Oaks on the night of November 2, 1960." Here we have an eye witness and a participant in the robbery with the defendant who testified that pursuant to their prior agreement defendant and he broke into Bradsher's Garage and stole and carried away goods therein. The court properly submitted the case to the jury. This assignment of error is without merit and is overruled.

Defendant introduced evidence tending to establish an alibi. Defendant assigns as error the judge's charge in respect to an alibi in failing to charge the jury that defendant is not required to satisfy the jury of the truth of his allegations beyond a reasonable doubt.

The trial judge charged as follows in respect to the defense of an alibi:

"Now, ladies and gentlemen, the defendant in this case has raised the defense of alibi; that is to say, he contends that he was not on the premises of Bradsher's Garage on the night of October 5, 1966; that he was at home; and that he remained at

home all during that evening and did not leave his home until the following morning when he went to work.

"Now, I instruct you that an alibi, meaning elsewhere, is not properly speaking a defense within an accurate meaning of the word 'defense,' but an alibi is a fact which may be used to call and question the identity of the person charged, or the entire basis of the prosecution; and I instruct you, too, ladies and gentlemen, that the burden of proving an alibi, when the defendant raises an alibi in the defense, the burden of proving such alibi does not rest upon the State. The burden of proof never rests upon the defendant to show his innocence, or to disprove the facts necessary to establish the crime with which he is charged. The defendant's presence at and participation in the crime charged are affirmative material facts that the prosecution must show beyond a reasonable doubt to sustain conviction of the defendant.

"Now, for the defendant to say he was not there is not an affirmative proposition. It is a denial of the existence of a material fact in the case. Therefore, the defendant's evidence of an alibi is to be considered by you like any other evidence, wherein the defendant tries to refute or disprove the evidence of the State; and if, upon consideration of all of the evidence in the case, including the defendant's evidence with respect to an alibi, there arises in your mind a reasonable doubt as to the defendant's guilt, then he should be acquitted."

In the recent case of *S. v. Lentz*, 270 N.C. 122, 153 S.E. 2d 864, the Court said: "Even though a defendant offers evidence of an alibi, he is not required to prove it. The burden is still cast upon the State to prove his guilt beyond a reasonable doubt."

The court's charge on an alibi, while not happily phrased, is in substantial compliance and accord with our precedents. *S. v. Spencer*, 256 N.C. 487, 124 S.E. 2d 175; *S. v. Minton*, 234 N.C. 716, 68 S.E. 2d 844; *S. v. Bridgers*, 233 N.C. 577, 64 S.E. 2d 867; *S. v. Jaynes*, 78 N.C. 504. This assignment of error is overruled.

We have carefully examined the other assignments of error in the record. The trial court correctly and clearly applied the law to the facts in evidence and gave a charge the jury could not misunderstand. All defendant's assignments of error are overruled.

In the trial below we find

No error.