STATE OF NORTH CAROLINA v. EDWARD JUNIOR DUNCAN, DORSEY LEE DUNCAN AND CLIFTON EDWARD PRICE

No. 7210SC237

(Filed 29 March 1972)

1. Robbery § 1— armed robbery — attempt to take property

   The offense of armed robbery is complete if there is an attempt to take personal property by use of a firearm or other dangerous weapon.

2. Robbery § 4— attempted armed robbery — sufficiency of evidence

   The State's evidence was sufficient to be submitted to the jury in this prosecution of three defendants for attempted armed robbery

where it tended to show that defendants grabbed the prosecuting witness, threw him down, told him they wanted his money, tried to go in his pocket and then started cutting him.

3. **Robbery § 5— attempted armed robbery — instructions on common law robbery — absence of a taking**

The evidence in a prosecution for attempted armed robbery did not support an instruction on common law robbery where there was no evidence that property was actually taken.

4. **Robbery § 5— common law robbery — attempted common law robbery — instructions**

The trial court's instructions on common law robbery and attempted common law robbery were conflicting and confusing, the court having used those terms interchangeably in the charge.

5. **Robbery § 5— attempted armed robbery — failure to instruct on assault**

In a prosecution for attempted armed robbery, the trial court erred in failing to submit to the jury the lesser included offense of assault.

APPEAL by defendants from *Brewer, Judge,* 26 October 1971 Regular Criminal Session, Superior Court, WAKE County.

Defendants were tried under indictments charging attempted armed robbery in violation of G.S. 14-87. They appeal from judgments entered on the jury verdict as to each of guilty of common law robbery.

*Attorney General Morgan, by Assistant Attorney General Icenhour, for the State.*

*Robert Howard for Edward Junior Duncan, defendant appellant.*

*McDaniel and Fogel, by L. Bruce McDaniel, for Clifton Edward Price, defendant appellant.*

*Bailey, Dixon, Wooten & McDonald, by John N. Fountain, for Dorsey Lee Duncan, defendant appellant.*

MORRIS, Judge.

Defendants contend that their motion for nonsuit made at the close of the State's evidence and renewed at the close of all the evidence should have been allowed. We do not agree.

G.S. 14-87 provides:

"Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment for not less than five nor more than thirty years."

[1]   Under this statute "the offense is complete if there is an *attempt* to take personal property by use of firearms or other dangerous weapon." *State v. Rogers,* 273 N.C. 208, 211, 159 S.E. 2d 525 (1968); *State v. Jenkins,* 8 N.C. App. 532, 174 S.E. 2d 690 (1970).

[2]   The prosecuting witness testified: "As to what happened, they came in and grabbed me, tried to get my money but I had my money in my shoes and couldn't get that, then they jumped on me and started cutting me. I had $10.50 in my shoes and they couldn't get it. I had 10¢ in my pocket. I know they wanted my money because they said they wanted it, and then started cutting me. . . " and further: "No, sir, they did not say anything to me. They just walked up to me and one grabbed me and one throwed me down and one tried to go into my pocket." He later testified that it was the "little one" who "had his hand in my pocket."

Speaking for the Court in *State v. Parker,* 262 N.C. 679, 138 S.E. 2d 496 (1964), Justice Higgins said:

"So great is the offense when life is endangered and threatened by the use of firearms or other dangerous weapons, that it is not of controlling consequence whether the assailant profit much or little, or nothing, from their felonious undertaking. The attempt to take property by the forbidden means, all other elements being present, completes the offense." At p. 682.

We think the evidence here, taken in the light most favorable to the State, is sufficient for submission to the jury on the offense charged. Conflicts, weight, and credibility are for the jury.

Defendants also except and assign as error certain portions and omissions in the charge of the court to the jury. We think the defendants' position is well taken.

[3-5]  The court in his charge to the jury was obviously using the Pattern Jury Instructions developed by the North Carolina Conference of Superior Court Judges. The evidence in this case does not support an instruction on common law robbery, since there is no evidence in the record before us of a taking, an essential element of the crime of common law robbery. *State v. Parker, supra; State v. Rogers, supra.* It is obvious that the court intended to amend the pattern instruction on common law robbery so as to instruct on attempted common law robbery but clearly failed to do so, since he frequently used the phrases "common law robbery" and "attempted common law robbery" interchangeably. The charge was, therefore, ambiguous and confusing to the jury. Nor was the ambiguity and confusion clarified when the court finally instructed the jury, separately as to each defendant, that they could return one of three verdicts: guilty of robbery with a dangerous weapon other than a firearm, guilty of common law robbery, or not guilty. The jury began its deliberations at 11:15 o'clock a.m. and was not able to reach a verdict until the next day, the time of their returning their verdict not being noted in the record. The verdict returned was guilty of common law robbery as to each defendant. Under the charge of the court which was conflicting and confusing as to common law robbery and attempted common law robbery, we do not think it an unlikely inference that the jury assumed that the verdict returned was the same as guilty of attempted common law robbery. Additionally, the court failed to submit to the jury, upon proper instructions, an issue of guilty or not guilty of the lesser included offense of assault. The evidence clearly supported instructions on this offense, and we agree with defendants' contention that the failure of the court to instruct the jury on this lesser included offense constitutes prejudicial error. Defendants take the position that the submission to the jury of the offense of common law robbery and the failure to charge on assault entitle them to

have the verdict set aside and a *venire de novo*. Upon the evidence in this case, defendants are entitled to a new trial upon the issue of misdemeanor assault properly submitted to the jury.

New trial.

Chief Judge MALLARD and Judge PARKER concur.