State v. Mitchell

---

STATE OF NORTH CAROLINA v. ELWOOD MITCHELL AND HERMAN RAY LEWIS

No. 7211SC502

(Filed 23 August 1972)

Robbery § 5— attempted armed robbery — failure to charge on lesser included offenses — no error

Where all of the State's evidence tended to show defendants guilty of attempted armed robbery and defendants' evidence tended to show that they were elsewhere on the night of the offense, the trial court did not err in an attempted armed robbery prosecution in failing to instruct the jury on lesser included offenses of the crime charged.

APPEAL by defendants from *Brewer, Judge,* 7 February 1972 Session, Superior Court, JOHNSTON County.

Defendants were charged, in valid bills of indictment, with attempted armed robbery. From judgments entered on the jury verdict of guilty as to each defendant, defendants appealed.

*Attorney General Morgan, by Assistant Attorney General Jones, for the State.*

*T. Yates Dobson, Jr., and Wiley Narron for defendant appellants.*

MORRIS, Judge.

Defendants bring forward two assignments of error, both directed to the charge of the court to the jury. They contend that the court's failure to instruct the jury on assault constituted reversible error.

The evidence for the State tends to show that defendants with two others planned to rob the prosecuting witness of a large sum of money they understood he had at his home. Defendants and another of the planners went to the home of the prosecuting witness. The defendants were driven there by Terry Barnum. They had a .22 caliber gun and some rope. Barnum parked a short distance from the house and waited. Defendants got out and went to the house. They returned in a very few minutes and told Barnum, "Terry, let's go, the man slammed the door in our face and he has done called the law." The prosecuting witness testified that the front door and storm door were both closed and locked. When the doorbell rang, he went to the front door, turned on the light on the front porch, and opened "the big door." "There were two fellows standing there in front of the door . . . I did not open the other door, I asked the boys who they were looking. The boys were standing together right in front of me and I was standing inside the house. Defendant Lewis asked defendant Mitchell 'Is this the man?' Then Lewis came out with a gun. My wife was standing there. I slammed the door in his face. . . . The gun was pointed right at me. Elwood Mitchell was standing by his side, pretty near touching one another . . . "

The State correctly concedes that assault is a lesser included offense of the crime charged [*State v. Duncan,* 14 N.C. App. 113, 187 S.E. 2d 353 (1972) ; *State v. McNeely,* 244 N.C. 737, 94 S.E. 2d 853 (1956)], but argues that the evidence will not support a verdict of guilty of assault.

Defendants did not testify but all the evidence in their behalf tended to show that they were elsewhere on the night of the attempted armed robbery. The case is not distinguishable from *State v. Lentz,* 270 N.C. 122, 153 S.E. 2d 864 (1967). There defendants were charged with and convicted of armed robbery. The evidence for the State was that defendants entered a supermarket and stole at gun point $850.19 belonging to the owner of the store. Three witnesses identified the defend-

ants. Evidence in behalf of defendants placed them elsewhere. On appeal, defendants excepted to the failure of the court to charge that they might be found guilty of some lesser degree of the offense charged: common law robbery, attempted robbery, assault with a deadly weapon or simple assault. A unanimous Court said:

> "Upon the evidence of the State, which was uncontradicted as to the event, and questioned only as to the perpetrators, all of the elements of the offense of armed robbery were clearly shown, and there was no evidence to indicate that any person committing the acts alleged by the State was guilty of any lesser offense, and the exception is overruled."

The same circumstances exist here, and we think the case is controlled by *Lentz*. We, therefore, find

No error.

Judges VAUGHN and GRAHAM concur.