STATE OF NORTH CAROLINA v. BOBBY LEWIS WATSON

No. 74

(Filed 9 May 1973)

1. **Robbery § 1— common law robbery — violence or putting in fear — proof of either necessary**

     Common law robbery is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear, and proof of either violence or putting in fear is sufficient.

2. **Robbery § 4— common law robbery — force used — sufficiency of evidence**

     Where the evidence tended to show that defendant snatched the victim's purse with such force that the strap of the purse was broken, the victim was thrown to the ground and her arm was dislocated, the trial court properly submitted the issue of guilt of common law robbery to the jury.

3. **Robbery § 5— common law robbery — failure to submit lesser included offenses — no error**

     The trial court in a common law robbery case properly failed to submit to the jury lesser included offenses of the crime charged where there was no evidence of such offenses.

APPEAL by defendant from *Martin (H. C.), J.,* October 30, 1972 Criminal Session, GASTON Superior Court. By order of March 26, 1973, the appeal was heard by the Supreme Court prior to review by the Court of Appeals.

The defendant, Bobby Lewis Watson, was charged by grand jury indictment, proper in form, with common law robbery in the felonious taking of a pocketbook, $61.00 in money, and other articles from the person of Mrs. Elsie Smith Eckerd.

After arraignment, the defendant through his court-appointed counsel entered a plea of not guilty. The State offered evidence in material substance as follows:

As Mrs. Elsie Smith Eckerd was leaving the shopping center in Gastonia at about eight o'clock on the evening of Decem-

ber 16, 1971, some person whom she could not identify snatched the pocketbook attached to her arm by a strap. The taking was with such force that the strap was broken and Mrs. Eckerd thrown to the ground dislocating her arm. Thereafter, the officers returned her empty pocketbook.

On cross-examination, defense counsel asked Mrs. Eckerd this question: "Now, were you in fear for your life?" Answer: "No, not really. I'm a Christian."

Haywood Hardin testified that he, Clifford Williams, Emmitt Burch, Elijah Rippey, and the defendant, Bobby Lewis Watson, left the home of the witness on the evening of December 16, 1971, at about seven-thirty. All had been drinking. They arrived at the Gastonia shopping center in Burch's automobile. Burch remained in the automobile while the other members left. Within a few minutes a commotion developed in the parking lot and all members of the party immediately ran to Burch's automobile and returned to the home of the witness. Some member of the party produced a black pocketbook containing $61.00 and other articles. Rippey divided the money among the members of the party and later threw the pocketbook into a manhole. All agreed that they would say nothing about it, but when interrogated by officers the witness directed them to the place where they recovered the pocketbook which Mrs. Eckerd identified as hers.

Clifford Williams testified he was a member of the party about which the witness Hardin had testified. When the members of the gang reassembled at Burch's automobile the defendant, Bobby Lewis Watson, had the black pocketbook. The defendant neither testified nor offered evidence.

The jury returned a verdict finding the defendant guilty of common law robbery. From a sentence of three years in prison, he appealed.

*Robert Morgan, Attorney General, by Roy A. Giles, Jr., Assistant Attorney General, for the State.*

*Whitesides and Robinson by Henry M. Whitesides for defendant appellant.*

HIGGINS, Justice.

The court correctly defined the crime of common law robbery, recapitulated the evidence, and directed the jury to ren-

State v. Watson

der one of these verdicts: (1) Guilty of common law robbery; (2) not guilty. Defendant's counsel by proper exceptions challenged the court's failure to submit to the jury the offenses of: (1) Larceny from the person; and (2) assault on a female.

[1, 2] Counsel stressfully contends that Mrs. Eckerd testified she was not in fear for her life, hence the offense could be only larceny from the person. The complete answer is found in an opinion by the present Chief Justice in *State v. Moore,* 279 N.C. 455, 183 S.E. 2d 546. "Robbery at common law is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear. *State v. Lawrence,* 262 N.C. 162, . . . It is not necessary to prove both violence and putting in fear—proof of *either* is sufficient." The taking in this instance was sufficiently violent to effect a dislocation of the victim's arm.

[3] The indictment charges all the essential elements of common law robbery. The evidence fully supports the charge. However, evidence of lesser included offenses is not to be found in the record before us. This Court has repeatedly held that the trial court does not commit error by failure to submit to the jury lesser included offenses of which there is no supporting evidence. *State v. Bynum* and *Coley,* 282 N.C. 552, 193 S.E. 2d 725; *State v. Davis,* 282 N.C. 107, 191 S.E. 2d 664; *State v. Bryant,* 280 N.C. 551, 187 S.E. 2d 111; *State v. Murry,* 277 N.C. 197, 176 S.E. 2d 738; *State v. McNeil,* 277 N.C. 162, 176 S.E. 2d 732; *State v. Smith,* 268 N.C. 167, 150 S.E. 2d 194.

The defendant complained that the officers had made a deal with some of the defendant's companions in return for their in-court testimony. The complaint does not constitute a defense. There are certain conditions under which "[J]ust men get their due."

No error.