STATE OF NORTH CAROLINA v. GREGORY FAIRCLOTH

No. 25

(Filed 12 June 1979)

1. Criminal Law § 99.4— court's remark to witness—no expression of opinion

The trial court did not express an opinion by telling a witness, who had improperly testified that a window screen of the victim's house had been pried out with some object, that the witness could not draw any conclusions but could say that he saw tool marks, since the court's instruction was not an expression of opinion on any question of fact to be decided by the jury or an expression of opinion as to whether a fact had been proved but instead simply limited the witness's testimony to a statement of what he saw, leaving the jury to draw its own conclusion.

2. Burglary and Unlawful Breakings § 7— first degree burglary—lesser included offenses—instruction not required

In a prosecution for first degree burglary, the trial court did not err in failing to charge on the lesser included offense of non-felonious breaking and entering where the State's evidence tended to show that defendant committed a breaking by removing a bathroom screen and entering the occupied dwelling

State v. Faircloth

of the .victim in the nighttime; the evidence concerning the assault he then committed upon her tended to show that his purpose was to commit rape; defendant's evidence tended to show that he went to the victim's home by invitation and she helped him climb through the bathroom window; and there was therefore no evidence whatsoever tending to show a non-burglarious breaking or entering.

3. **Burglary and Unlawful Breakings § 6.2— first degree burglary—felonious intent—jury instructions**

In a prosecution for first degree burglary where the indictment alleged that defendant entered the dwelling of the victim during the night with the felonious intent to rape her, the trial court's instruction which recapitulated the evidence for the State and for defendant on the issue of intent to rape and which stated each of the elements of first degree burglary, including defendant's intent at the time he entered the victim's home, was adequate.

Justice COPELAND took no part in the consideration or decision of this case.

Justice EXUM dissenting.

DEFENDANT appeals from judgment of *Cowper, J.,* 23 October 1978 Session, WAYNE Superior Court.

Defendant was tried upon a bill of indictment, proper in form, charging him with first degree burglary, *i.e.,* feloniously breaking and entering the occupied dwelling house of Barbara Smith during the night of 31 July 1978 with the felonious intent to rape her.

Evidence for the State tends to show that Barbara Smith, age twenty-four, was living at Dudley in a little house near the Goldwater Motel. On 31 July 1978 she had been to a nightclub in Greenville, North Carolina, with friends. She returned to her home and went to bed about 3 a.m. At approximately 5-5:15 a.m., she awoke suddenly and saw defendant Gregory Faircloth standing at the foot of her bed. She began screaming; defendant pulled the sheets off and jumped on top of her. She bit his tongue when he attempted to kiss her and continued to scream and fight. He then struck her on the side of her face, lost his balance and fell off the bed. At that point she pulled a pistol from beneath her pillow and shot at defendant twice while he was inside her bedroom. He ran out the back door and across a field toward the highway. She fired two more shots at him, once through the screen of her bedroom window and again through a nearby window.

Barbara Smith then called her friend Migdalia Rosario who lived a short distance away, and she came to Miss Smith's home. The sheriff was called and officers arrived within minutes. It was discovered that the bathroom window screen had been removed. There were pry marks on the screen and window. Miss Smith was taken to the hospital for treatment of her bruised face. While there, she saw defendant who had come to the emergency room for treatment of a gunshot wound in his thigh. She pointed him out to the police and he was arrested. He had a skinned knuckle, a cut on his tongue and had been shot in the thigh. After Officer Goodman had advised defendant of his constitutional rights and defendant had signed a written waiver of them, Officer Goodman asked him what happened. Defendant replied that he did not know Miss Smith and explained that he had been shot at Blackburn's Store by someone in a passing car, and when he fell after being shot he had bitten his tongue and skinned his knuckle.

The testimony of Barbara Smith was corroborated in almost every detail by Migdalia Rosario and Officer Goodman.

Defendant Gregory Faircloth, age twenty-one, testified in his own behalf. He stated that on the evening of 31 July 1978 he stopped at the "truck stop" to buy gas and recognized Barbara Smith who was already there buying gas when he pulled up. They knew each other and conversed. She said "she hadn't seen me in a good while . . . that I had been telling her that I would come by and asked me when I was coming by. I told her that I might stop by that night. . . . I stopped by the same night and I was on my way home and I went around to the front door and knocked and nobody answered. I went around to the side of the house and the bathroom window was opened. I called her through the window and she came into the bathroom and asked if it was me. I said that it was me and she said come on in and she unlocked the screen and handed it to me. She said to throw it outside and she helped me in through the window." Defendant further stated that they sat on her bed and talked and she asked him to loan her some money but he replied that he had none. She insisted on seeing his wallet, and they got into an argument and started tussling. Defendant said he then told her, "I'll kiss you; that's all I am going to do." When he attempted to do so she bit his tongue. He then pushed her and she fell, and he started from the room and she began shooting. He ran out the back door and toward his car

which was parked down the highway "because she insisted on it" and didn't want him to park behind her house. Defendant denied that he attempted to rape Barbara Smith and said he had no such intentions but went to her house because he was invited.

In rebuttal, Barbara Smith testified that she used Texaco gasoline which she bought with a Texaco credit card; that the "truck stop" sells Union 76 gasoline and she did not stop there on the night in question, had never bought gas there, never had a conversation with defendant there, never invited him to her home, and did not let him in through the window. She denied that she told defendant to park his car anywhere.

The jury convicted defendant of burglary in the first degree as charged, and he was sentenced to life imprisonment. Errors assigned on this appeal are noted in the opinion.

*Rufus L. Edmisten, Attorney General, by Joan H. Byers, Assistant Attorney General, for the State.*

*Michael A. Ellis; R. Gene Braswell and Herbert B. Hulse, attorneys for defendant appellant.*

HUSKINS, Justice.

[1] On direct examination Officer Goodman was requested to describe the bathroom screen and did so as follows:

> "The screen was one whole screen that covered the entire window; the bottom section of the window and the top section. The screen was secured in the window by two latches on each side. These two latches had been pulled out away from the window and in the bottom left-hand corner approximately 6 inches from the corner of that screen there was an indentation marking on the window and on the screen where some object had been pried under and the screen forced out."

Upon objection by defendant, the court said:

> "I'll ask the jury not to consider it. You can't draw any conclusions. You can say that you saw tool marks."

Officer Goodman was then asked: "Did you see any tool marks?" He answered: "Yes, I did." Defendant objects and

excepts to the suggestion of the court as to the proper form of questioning and argues that the court's remarks amounted to expression of an opinion. This is defendant's first assignment of error.

Former G.S. 1-180 has been repealed and the General Assembly has enacted in lieu thereof G.S. 15A-1222 and G.S. 15A-1232 reading respectively as follows:

"The judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury.

*    *    *    *

In instructing the jury, the judge must declare and explain the law arising on the evidence. He is not required to state the evidence except to the extent necessary to explain the application of the law to the evidence. He must not express an opinion whether a fact has been proved."

Although the language in former G.S. 1-180 referred only to the charge, it was always construed as including the expression of any opinion, or intimation by the judge, at any time during the trial which was calculated to prejudice either of the parties. *State v. Staley*, 292 N.C. 160, 232 S.E. 2d 680 (1977); *State v. Freeman*, 280 N.C. 622, 187 S.E. 2d 59 (1972); *State v. Canipe*, 240 N.C. 60, 81 S.E. 2d 173 (1954). Now, G.S. 15A-1222 and -1232 expressly so provide. Thus any intimation or expression of opinion by the trial judge at any time during the trial which prejudices the jury against the accused is ground for a new trial. Whether the accused was deprived of a fair trial by the challenged remarks must be determined by what was said and its probable effect upon the jury in light of all attendant circumstances, the burden of showing prejudice being upon the appellant. *State v. Arnold*, 284 N.C. 41, 199 S.E. 2d 423 (1973).

Applying these legal principles to the challenged comment by the court, we hold that no prejudice has been shown. It was perfectly competent for the witness to say that the two latches securing the screen had been pulled away from the window and that there was an indentation marking on the window and on the screen. The only objectionable part of the statement was the conclusion Officer Goodman drew from what he had observed, *i.e.*,

that "some object had been pried under and the screen forced out." Upon objection and motion to strike, the trial court instructed the jury not to consider the answer and informed the witness, "You can't draw any conclusions. You can say that you saw tool marks." Such an instruction to the witness was not a comment upon the credibility of the witness. It was not an expression of opinion on any question of fact to be decided by the jury nor was it an expression of opinion as to whether a fact had been proved. Rather, the statement simply limited the officer's testimony to a statement of what he saw, leaving the jury to draw its own conclusions. This was entirely proper. Defendant cites and relies upon *State v. Oakley*, 210 N.C. 206, 186 S.E. 244 (1936). That case is factually distinguishable, the inadvertent question by the court there clearly constituting an expression of opinion in violation of former G.S. 1-180. There is no merit in defendant's first assignment, and it is therefore overruled.

[2]   Defendant argues that there is evidence to support a finding by the jury (1) that he went to the home of Barbara Smith without any intention to commit any felony therein but in response to her invitation and (2) that entry could have been made from the outside by means other than a burglarious breaking. Defendant therefore contends the trial court erred by failing to charge on the lesser included offense of non-felonious breaking and entering. This constitutes his second assignment of error.

Where it is permissible under the bill of indictment to convict an accused of a lesser degree of the crime charged, *and there is evidence to support a milder verdict*, defendant is entitled to have the different permissible verdicts arising on the evidence presented to the jury under proper instructions. *State v. Duboise*, 279 N.C. 73, 181 S.E. 2d 393 (1971). Moreover, when there is some evidence supporting a lesser included offense, "a defendant is entitled to a charge thereon even when there is no specific prayer for such instruction, and error in failing to do so will not be cured by a verdict finding defendant guilty of a higher degree of the same crime." *State v. Bell*, 284 N.C. 416, 200 S.E. 2d 601 (1973); *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970). Conversely, if all the evidence tends to show that the crime charged in the bill of indictment was committed, and there is no evidence tending to show commission of a crime of lesser degree, the court correctly refuses to charge on the unsupported lesser degree and correctly

refuses to submit lesser degrees of the crime charged as permissible verdicts. *State v. Alston*, 293 N.C. 553, 238 S.E. 2d 505 (1977); *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972); 4 N.C. Index 3d, Criminal Law, § 115.

When one person breaks and enters the occupied dwelling of another in the nighttime with the requisite intent to commit the felony designated in the bill of indictment, the crime of burglary is complete even though, after entering the house, the offender abandons his intent through fear or because he is resisted. *State v. Wells*, 290 N.C. 485, 226 S.E. 2d 325 (1976).

Applying these principles to the record before us, we find no evidence of a non-felonious breaking or entering. The evidence for the State tends to show that defendant committed a breaking by removing the bathroom screen and entering the occupied dwelling of Barbara Smith in the nighttime. The evidence concerning the assault he then committed upon her tends to show that his purpose was to commit rape. On the other hand, defendant's evidence tends to show that he went to Barbara Smith's home by invitation and she helped him climb through the bathroom window. There is no evidence whatever tending to show a non-burglarious breaking or entering. Under these circumstances, the judge was not required to submit that lesser included offense. *State v. Watson*, 283 N.C. 383, 196 S.E. 2d 212 (1973); *State v. Roseman*, 279 N.C. 573, 184 S.E. 2d 289 (1971). The evidence supports only two possibilities: (1) that the defendant broke and entered Barbara Smith's home with the intention of raping her, or (2) that he entered the house by invitation, with her consent and assistance, and assaulted her only after she bit his tongue. In that posture the evidence supports only first degree burglary or not guilty. *State v. Henderson*, 285 N.C. 1, 203 S.E. 2d 10 (1974), *death sentence vacated*, 428 U.S. 902 (1976). For these reasons, defendant's second assignment of error is overruled.

[3] Defendant contends the trial court erred in the charge to the jury by failing to explain and apply the law to the different factual aspects of the evidence with respect to the intent to commit rape. Defendant argues that his evidence showed a complete absence of such intent while the State's evidence showed the contrary. Thus, defendant says, it was the duty of the trial judge to array the evidence on each side and apply the law thereto so as

to aid the jury in determining whether the requisite intent existed. This constitutes defendant's third assignment of error.

Intent to commit a felony is an essential element of burglary. *State v. Friddle*, 223 N.C. 258, 25 S.E. 2d 751 (1943). To support a verdict of guilty of burglary in the first degree, the evidence must show and the jury must find that the intent charged in the bill of indictment was in the mind of the intruder at the time he forced entrance into the house. *State v. Thorp*, 274 N.C. 457, 164 S.E. 2d 171 (1968). Intent is a mental attitude which must ordinarily be proved by circumstances from which it may be inferred. It is seldom provable by direct evidence. *State v. Arnold*, 264 N.C. 348, 141 S.E. 2d 473 (1965); *State v. Gammons*, 260 N.C. 753, 133 S.E. 2d 649 (1963). "The intent with which an accused broke and entered may be found by the jury from evidence as to what he did within the house. . . . However, the fact that a felony was actually committed after the house was entered is not necessarily proof of the intent requisite for the crime of burglary. It is only evidence from which such intent at the time of the breaking and entering may be found. Conversely, actual commission of the felony, which the indictment charges was intended by the defendant at the time of the breaking and entering, is not required in order to sustain a conviction of burglary." (Citations omitted.) *State v. Tippett*, 270 N.C. 588, 155 S.E. 2d 269 (1967). Moreover, when the indictment alleges an intent to commit a particular felony, the State must prove the particular felonious intent alleged. *State v. Friddle*, supra; *State v. Smith*, 211 N.C. 93, 189 S.E. 175 (1937).

Perusal of the charge in this case reveals that the trial judge recapitulated the evidence for the State and for the defendant. In so doing, the court called the jury's attention to the defendant's testimony that he had seen Barbara Smith several times during the Spring, and had seen her on the morning in question at 3:30 a.m. at the truck stop when she invited him to come to her house; that he went there and knocked but no one answered the door; that he then went to the bathroom window and called her; that she came to the bathroom, unlocked the screen, and helped him enter the house through the window; that when an argument developed about money he told her he was going to kiss her "and that was all," but when he attempted to do so she bit him, became angry, got her pistol and shot at him as he left the house. The

trial judge then told the jury: "That is my recollection of the evidence. If you disagree with that, you use your recollection and disregard mine. It is your duty to remember and consider all the evidence whether I call it to your attention or not." The judge then charged on each of the elements of first degree burglary, including defendant's intent at the time he entered Barbara Smith's home. With respect to such intent the judge charged, *inter alia*, that the State must prove beyond a reasonable doubt:

> "That at the time of the breaking and entering the defendant intended to commit the crime of rape upon the body of Barbara Smith and rape is the attempt to have sexual intercourse with a person without consent and against the will of the person and with force sufficient to overcome resistance upon her. . . ."

In the final mandate the judge charged as follows:

> "So I charge you that if you find from the evidence and beyond a reasonable doubt that on or about 5 a.m. on July 31, 1978 the defendant Gregory Faircloth did break and enter through the bathroom window the home of Barbara V. Smith's dwelling house, without her consent in the nighttime, intending at the time to have forcible sexual intercourse with her that is to rape her forcibly and without her consent and against her will and with such force sufficient to overcome any resistance which she might offer . . . it would be your duty to return a verdict of guilty as charged. If you do not so find or if you have a reasonable doubt as to one or more of these things you would not return a verdict of guilty of burglary in the first degree as charged."

The charge, while not a model of perfection, adequately presented the law with respect to every essential element of the crime of first degree burglary, including the element of intent. Furthermore, the court correctly applied the law to the different factual aspects of the evidence. The jury could not have been misled and could not have acted under a misapprehension of the law. Nothing more is required. Defendant's third assignment of error is overruled.

Our review of the record impels the conclusion that defendant has had a fair trial free from prejudicial error. The verdict and judgment must therefore be upheld.

No error.

Justice COPELAND took no part in the consideration or decision of this case.

Justice EXUM dissenting.

I respectfully dissent from that portion of the majority opinion which holds that defendant was not entitled to have the jury consider the lesser included offense of non-felonious breaking and entering. Generally the majority correctly states the legal principles governing this question. I disagree, however, with the majority's application of these principles to the facts. As the majority correctly notes, an essential element of burglary is an intent at the time of entry to commit a felony inside the dwelling. Certainly the state's evidence is such that a jury could find that the defendant's entry here was with intent to commit rape, as charged in the indictment. Defendant's evidence tends to show, however, that there was no such intent on his part and, furthermore, that his entry was with consent of the occupant. His evidence, if fully believed, would render him not guilty of any offense. A jury is, of course, not required to accept all of his testimony. It may believe any part or none of it.

His testimony, though, does constitute positive evidence conflicting with that of the state as to the essential element of felonious intent. I find this case indistinguishable in principle from *State v. Drumgold*, 297 N.C. 267, 254 S.E. 2d 531 (1979). There this Court said, *id.* at 271, 254 S.E. 2d at 533:

> "It is well settled that 'a defendant is entitled to have all lesser degrees of offenses supported by the evidence submitted to the jury as possible alternate verdicts.' *State v. Palmer*, 293 N.C. 633, 643-44, 239 S.E. 2d 406, 413 (1977). On the other hand, the trial court need not submit lesser degrees of a crime to the jury 'when the State's evidence is positive as to each and every element of the crime charged *and there is no conflicting evidence relating to any element of the charged crime.' State v. Harvey*, 281 N.C. 1, 13-14, 187 S.E. 2d 706, 714 (1972). (Emphasis added.)"

In *Drumgold* the state's evidence tended to show that defendant raped Mrs. Epps overcoming her resistance with the use of a deadly weapon. Defendant's evidence tended to show that he had consensual sex with Mrs. Epps and did not have in his possession a deadly weapon, *i.e.*, that he was not guilty of any offense. We held defendant was not only entitled to have the jury consider whether he was guilty of first degree rape or not guilty, but that the lesser included offense of second degree rape should likewise have been submitted because defendant's testimony conflicted with that of the state on an essential element of first degree rape, *i.e.*, the use of a deadly weapon.

So it is here. Defendant testified in effect that he had no intent to rape Barbara Smith when he entered her dwelling. He also testified that he did not have sexual intercourse with her once inside; instead, he merely tried to kiss her and told her "that's all I am going to do." This is positive evidence of a lack of the requisite felonious intent at the time of entry, which, if believed by the jury, would render defendant guilty at most of non-felonious breaking and entering even if the jury further believed that he entered the dwelling unlawfully, *i.e.*, without Barbara Smith's consent.

Under the majority's view a defendant testifying in his own behalf would apparently have to admit that he entered the dwelling wrongfully but did so with no intent to commit rape in order to raise a factual issue regarding his intent at the time of entry. If, however, he denies both the wrongful entry and the felonious intent, he is not entitled to have the jury consider, independently of the question of wrongful entry, the question of his intent upon entering. This is not the law. *Where there is conflicting evidence* as to all elements of a criminal offense, the jury need not accept all or none of either the state's or the defendant's evidence. It may believe only part of the evidence on either or both sides. That defendant's evidence, if fully believed, would be a complete defense should not bar him from the benefit of a partial defense which would arise if his evidence is only partially believed.

This case is unlike *State v. Allen,* decided this day, 297 N.C. 429, 255 S.E. 2d 362, where the defendant denied he was the victim's assailant and introduced evidence tending to show alibi and mistaken identity. A defendant is not entitled to rely on the

possibility that the jury may believe only a part of the *state's* evidence as a ground for submission of a lesser included offense. In such a case there is no positive, contradictory evidence of a lesser offense and the jury need decide only whether defendant was indeed the perpetrator. *State v. Lentz*, 270 N.C. 122, 153 S.E. 2d 864, *cert. denied*, 389 U.S. 866 (1967).

Here, however, the question is not whether defendant was the perpetrator. The question is what crime, if any, he committed. There is positive evidence to support either burglary in the first degree, non-felonious breaking and entry, or not guilty.