STATE OF NORTH CAROLINA v. STANLEY CURTIS WHITAKER

No. 8110SC678

(Filed 2 February 1982)

**Robbery § 5.4— common law robbery—failure to instruct on lesser offense of assault error**

   The trial court erred in failing to submit to the jury the charge of assault, a lesser included offense of attempted common law robbery, where the evidence showed the defendant approached the victim, put a hard object against her back, stated "this is a stick-up," rejected an offer of her valuables, and stated "we are going to go down to the bushes." After stating "this is a stick-up," defendant acted inconsistently with an intent to rob the victim.

APPEAL by defendant from *Britt, Judge.* Judgment entered 4 March 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 8 December 1981.

   Defendant was indicted for attempted armed robbery and kidnapping. At the close of the State's evidence the court dismissed the charge of attempted armed robbery, and at the close of all the evidence it submitted to the jury the lesser included offense of attempted common law robbery, as well as the kidnapping charge. The jury acquitted on the kidnapping charge and convicted on the attempted common law robbery charge.

   From a judgment of imprisonment, defendant appeals.

   *Attorney General Edmisten, by Assistant Attorney General Richard L. Kucharski, for the State.*

   *Malcolm R. Hunter, Jr., Assistant Appellate Defender, for defendant appellant.*

WHICHARD, Judge.

   Defendant contends the evidence supported submission to the jury of the charge of assault, a lesser included offense of attempted common law robbery. We agree, and accordingly award a new trial.

   When a defendant is indicted for a criminal offense, he may be convicted of the charged offense or a lesser included offense when the greater offense charged in the bill of indictment contains all of the essential elements of the lesser, all of

which could be proved by proof of the allegations in the indictment. Further, when there is some evidence supporting a lesser included offense, a defendant is entitled to a charge thereon even when there is no specific prayer for such instruction, and error in failing to do so will not be cured by a verdict finding defendant guilty of a higher degree of the same crime.

*State v. Bell,* 284 N.C. 416, 419, 200 S.E. 2d 601, 603 (1973); *see also State v. Chapman,* 49 N.C. App. 103, 270 S.E. 2d 524 (1980). Assault is a lesser included offense of attempted robbery. *State v. Duncan,* 14 N.C. App. 113, 187 S.E. 2d 353 (1972). The court must charge on the lesser included offense if the evidence is equivocal on the element or elements which would elevate the crime charged to the greater offense. *State v. Riera,* 276 N.C. 361, 368, 172 S.E. 2d 535, 540 (1970).

The State presented evidence that defendant approached the victim as she waited at the door of a friend's apartment, put a hard object against her back, and stated, "[T]his is a stick-up." He further told the victim not to say anything and not to fight. The victim offered defendant her car keys and told him they were all she had. Defendant did not take the keys. Rather, he stated, "We are going to go down to the bushes." He then took the victim down a flight of stairs. Before they reached the bushes, however, the victim began to scream. Defendant released her, struck her in the face, and ran.

To justify failure to charge on assault, the evidence had to establish 1) defendant's *specific intent* to commit the crime of common law robbery and 2) a direct but ineffectual act by him toward the commission thereof. *See State v. Bailey,* 4 N.C. App. 407, 167 S.E. 2d 24 (1969). The State relies on defendant's statement, "This is a stick-up," to prove the specific intent to commit the crime of robbery. Intent must, however, be determined from all the facts and circumstances. Absent direct evidence, specific intent is "ordinarily to be proved by facts and circumstances from which it may be inferred and . . . the jury may consider the acts and conduct of the defendant and the general circumstances existing at the time . . . ." *State v. Norman,* 14 N.C. App. 394, 399, 188 S.E. 2d 667, 670 (1972). *See also State v. Evans,* 279 N.C. 447, 183 S.E. 2d 540 (1971). The State's evidence indicated that after

stating "This is a stick-up," defendant acted inconsistently with an intent to rob the victim. He rejected the victim's offer of a valuable possession, her car, and did not attempt to obtain any money or other valuables the victim may have possessed. Defendant's conduct was consistent with intents other than to rob the victim, such as the intent to assault sexually or to kidnap her. The State's evidence thus presented a jury question as to defendant's specific intent. It did not establish as the only reasonable interpretation of his conduct an unsuccessful intent to rob. The court thus erred in failing to submit the lesser included offense of assault.

New trial.

Judges CLARK and BECTON concur.