STATE v. LESSIE MAE SHAW.

(Filed 25 November, 1964.)

APPEAL by defendant from *Brock, S.J.,* assigned mixed session 20 July 1964 of ONSLOW.

Criminal prosecution on an indictment charging that defendant on 30 December 1963 feloniously, wilfully, and of her malice aforethought did kill and murder William Shaw. G.S. 15-144. William Shaw was defendant's husband. Prior to the commencement of the trial, the prosecuting officer for the State announced that he would not ask for a verdict higher than murder·in the second degree.

Plea: Not guilty. Verdict: Guilty of manslaughter.

From a judgment of imprisonment in the Women's Division of the State Prison for a period of not less than five years nor more than seven years, defendant appeals.

*Attorney General T. W. Bruton · and Deputy Attorney General Harry W. McGalliard for the State.*

*Yarborough, Blanchard & Tucker for defendant appellant.*

PER CURIAM.  Defendant offered evidence tending to show that she killed her husband in self-defense. Her sole assignment of error, except two formal ones, is to a portion of the charge in respect to her defense that she killed her husband in self-defense. A charge must be read as a whole and not in detached fragments. A close study of the judge's charge in its entirety shows clearly that the court charged fully, amply, and correctly on all aspects of the law of self-defense arising upon the evidence in the case, and that the law given the jury for its guidance in determining the merits of defendant's claim of self-defense was as declared in the following cases, and almost in the verbatim language of these cases: *S. v. Fowler,* 250 N.C. 595, 108 S.E. 2d 892; *S. v. Goode,*

249 N.C. 632, 107 S.E. 2d 70; *S. v. Rawley,* 237 N.C. 233, 74 S.E. 2d
620; *S. v. Ellerbe,* 223 N.C. 770, 28 S.E. 2d 519; *S. v. Robinson,* 213
N.C. 273, 195 S.E. 824; *S. v. Marshall,* 208 N.C. 127, 179 S.E. 427.

In the trial below we find

No error.