### STATE OF NORTH CAROLINA v. ROBERT N. BRIDGES.

(Filed 14 January, 1966.)

**1. Criminal Law § 65—**

Testimony of a witness that "I think" defendant was the culprit is competent, since the want of positiveness of identification goes to the weight and not to the admissibility of the testimony.

**2. Robbery § 5—**

Where the evidence tends to show a completed robbery accomplished with the use of firearms, the court need not instruct the jury as to its right to return a verdict of guilty of common law robbery.

APPEAL by defendant from *Johnson, J.,* August 1965 Criminal Session of ORANGE.

Defendant was tried upon a bill of indictment charging him with armed robbery (G.S. 14-87). The State's evidence tended to show that about 8:00 p.m. on April 20, 1964, defendant, with another person, entered the store of E. G. Merritt. Defendant, who was armed with a .32 automatic pistol, fired a shot into the counter, and threatened to kill Merritt and Ben Grantham, his son-in-law, if they resisted the "hold-up." Defendant's companion removed

$133.00 from the cash register and the two men fled. Defendant's evidence tended to show that he was in the State of Maryland on April 20, 1964, and could not have committed the crime. The judge instructed the jury to return a verdict of guilty as charged or not guilty. The verdict was "guilty as charged." From a judgment of imprisonment defendant appeals.

*Attorney General T. W. Bruton, Charles D. Barham, Jr., Assistant Attorney General, and Wilson B. Partin, Jr., for the State.*
*F. Gordon Battle for defendant appellant.*

PER CURIAM. Ben Grantham's testimony positively identified defendant as one of the participants in the robbery charged. Mr. Merritt testified, "I think he (defendant) is the man that did it." His "lack of positiveness" as to the identification of defendant went to the weight and not to the admissibility of the testimony. *State v. Church,* 231 N.C. 39, 55 S.E. 2d 792; Stansbury, N. C. Evidence § 129 (2d Ed. 1963). Defendant's assignment of error based upon an exception to this evidence cannot be sustained.

Defendant's defense was alibi. All the evidence tends to show a completed robbery accomplished with the use of firearms. There was no evidence from which the jury could find that any of the lesser offenses included within an indictment charging armed robbery were committed. Therefore the judge was not, as defendant contends, required to instruct the jury that it might return a verdict of guilty of common-law robbery. *State v. Bell,* 228 N.C. 659, 46 S.E. 2d 834. See *State v. Hicks,* 241 N.C. 156, 159-60, 84 S.E. 2d 545, 547-48. The judge's definition of reasonable doubt was in accord with our decisions. *State v. Hammonds,* 241 N.C. 226, 85 S.E. 2d 133.

In the trial we find
No error.