STATE OF NORTH CAROLINA v. CHARLIE WADE POWELL

No. 85

(Filed 20 January 1971)

1. Constitutional Law § 32— indigent defendant — appointment of counsel

An indigent defendant is not entitled to select the counsel to be appointed to represent him, but he cannot be compelled to accept the appointment of an attorney not satisfactory to him.

2. Criminal Law § 91— motion for continuance — denial of motion

Defendant's motion for the continuance of his trial, which was made after defendant had discharged his court-appointed counsel and had elected to represent himself, was properly denied by the trial court in its discretion.

3. Criminal Law § 102— defendant's argument to the jury — restrictions by trial court

In an attempted armed robbery prosecution in which the defendant elected to represent himself, the trial court acted properly (1) in directing the defendant to omit from his argument to the jury any recital of facts not in evidence and (2) in telling the defendant that he could only argue to the jury "what you think the evidence that has already been offered tends to show and how you think they should find in this case."

4. Robbery § 5— attempted armed robbery prosecution — instructions on lesser included offenses — sufficiency of evidence

In a prosecution for attempted armed robbery, the State's evidence that the male defendant, wearing a woman's wig and carrying a woman's purse, entered an ABC store, ordered a bottle of whiskey, opened the purse and pulled a loaded pistol therefrom, held sufficient to support a verdict of guilty of attempted armed robbery or not guilty; the evidence was insufficient to support instructions as to defendant's guilt of attempted common law robbery, assault, attempted larceny from the person, or attempted simple larceny.

5. Criminal Law § 115— instructions on lesser included offenses

The trial judge is not required to submit to the jury the question of a lesser offense included in the offense charged in the indictment, where there is no evidence to support such a verdict.

6. Indictment and Warrant § 18; Robbery § 5; Concealed Weapons § 1— attempted armed robbery prosecution — conviction of carrying concealed weapons

An indictment alleging attempted armed robbery will not support a conviction of the offense of carrying a concealed weapon, since a conviction of the latter offense requires proof that the weapon was concealed, which is not an essential element of the crime of attempted armed robbery.

State v. Powell

**7. Criminal Law § 3— attempt to commit a crime — elements**

     The two elements of an attempt to commit a crime are: (1) an intent to commit it, and (2) an overt act done for that purpose, going beyond mere preparation, but falling short of the completed offense.

**8. Robbery § 5— attempted armed robbery — instructions**

     In a prosecution for attempted armed robbery, an instruction that "taking a thirty-eight caliber pistol out of a purse would be such an overt act as would satisfy this element of the offense" cannot be construed as an instruction that the intent with which the pistol was taken from the purse was immaterial, and the defendant's contention to the contrary is without merit.

**9. Criminal Law § 168— review of the charge to the jury**

     A charge must be construed contextually and not in disjointed fragments.

     Justice HUSKINS concurring.

APPEAL by defendant from *Exum, J.*, at the 3 December 1969 Criminal Session of FORSYTH, heard prior to determination by the Court of Appeals.

Upon an indictment, proper in form, the defendant was tried upon the charge of attempt to commit armed robbery and was found guilty as charged. He was sentenced to imprisonment for a term of not less than 12 nor more than 20 years.

A former trial upon the same charge resulted in a conviction which was set aside on appeal. At that trial the defendant was represented by his voluntarily employed counsel. After its conclusion, the defendant was found to be an indigent and the same counsel was appointed by the court to represent him upon the appeal. He continued to do so until immediately prior to the commencement of the new trial, out of which the present appeal arises. At that time, in the absence of the jury, the defendant advised the court that he was dissatisfied with the services of his court appointed counsel and wished to discontinue those services but refused to state the reason for his dissatisfaction. The court advised the defendant that he was not entitled to have the court appoint counsel of the defendant's own choice, that the previously appointed counsel had successfully represented the defendant on appeal, was ready and willing to represent him at the trial then due to commence, was competent and experienced in criminal practice and had apparently done "a good job" for the defendant up to that time. The court advised the

defendant that the trial would proceed as scheduled and gave him the option of continuing to be represented by the same court appointed counsel or of representing himself. The defendant elected to represent himself, signing a written waiver of counsel. The court thereupon relieved the then appointed counsel of his assignment, but requested him to remain throughout the trial near the defendant's table and to advise the defendant on any question as to which the defendant requested his advice. The attorney did so, but it does not appear that the defendant conferred with him during the trial. Upon the conclusion of the trial and entry of judgment, the defendant having stated his desire to appeal, the court appointed his present counsel to represent him on this appeal.

The evidence for the State is to the following effect:

On 4 January 1969, the defendant entered Winston-Salem ABC store No. 5 just prior to 9 p.m., the closing hour. He was wearing a woman's wig, dark glasses and black gloves and was carrying a woman's purse, but was dressed in a man's clothing. Three clerks and two customers were then in the store. The defendant remained for a moment or two, looking at duplicate price lists posted on the walls.

When one of the clerks had pulled the window blind, preparatory to closing the store, the defendant walked over to the cash register of another clerk and asked for a bottle of Bourbon, which the clerk obtained and placed on the counter. The defendant then looked around at the clerk and the two customers standing at the door and asked for a bottle of Rock and Rye, which the clerk obtained. He then asked for a bottle of gin, which was also obtained. As the clerk was preparing to put the bottles in a bag, he observed that the defendant had taken off his gloves, had placed the purse on the counter and opened it and had his hand on a pistol in the purse and was bringing it out. The clerk, scared by the sight of the gun, reached out, seized the defendant's wrist with one hand and with the other took the pistol from the defendant. By that time, the third clerk in the store had produced his own pistol, which he pointed at the defendant. The defendant said, "No, man, no," and raised his other hand.

Police promptly arrived and arrested the defendant. The pistol carried by the defendant was fully loaded. There was no

money in the purse and the officer, who searched the defendant immediately, found none. The defendant tendered none to the clerk.

The store cash register then contained a little over $6,000 and another $7,000 was elsewhere in the store. The defendant made no demand for money, having said nothing prior to being disarmed, except his requests for the three bottles of liquor.

The wig, dark glasses, gloves, purse, pistol and ammunition were all introduced in evidence after proper identification.

The defendant did not testify but offered witnesses who testified to the effect that the defendant was the manager of a club at which male employees impersonated women and dressed in women's clothing and wigs for their performances, after which they sometimes went out partying.

For the purpose of showing that at the time of his arrest he did have some money on his person, the defendant offered another witness who testified that, while the two of them were in jail, the defendant purchased a sweater from the witness. However, upon the inability of the witness to relate this transaction to the time of the defendant's arrest upon the present charge, the testimony of this witness was stricken. The defendant offered no other evidence.

At the conclusion of the evidence, the court stated to the defendant that he could present his argument to the jury, but that, in so doing, he could not recite to the jury any facts to which witnesses had not testified, he being entitled to argue to the jury "what you think the evidence that has already been offered tends to show and how you think they should find in this case."

*Attorney General Morgan, Assistant Attorney General Melvin and Assistant Attorney General Costen for the State.*

*Jimmy H. Barnhill and James C. Frenzel for defendant.*

LAKE, Justice.

Simultaneously with filing his brief in this Court, the defendant moved for permission to present an additional assignment of error not set forth in his case on appeal. The proposed assignment was the failure of the trial judge to conduct an

inquiry into the competency of the original court appointed counsel when the defendant asserted his desire to dispense with his further services. This point is presented in the defendant's brief with the statement, "No cases on point have been found." The motion is denied. No question of counsel's competency was then or is now raised.

[1] An indigent defendant is not entitled to select the counsel to be appointed to represent him, but he cannot be compelled to accept the appointment of an attorney not satisfactory to him. *State v. McNeil,* 263 N.C. 260, 139 S.E. 2d 667. There was no error in the release of court appointed counsel from his assignment and the failure to appoint another.

[2] There was no error in the denial of the defendant's motion to continue the trial, following the discharge of his court appointed counsel. The granting of this motion was in the discretion of the trial judge. *State v. Ferebee,* 266 N.C. 606, 146 S.E. 2d 666; Strong, N.C. Index 2d, Criminal Law, § 91. This being the second trial of the case, the defendant was well aware of the nature of the charge and of the evidence for the State. The record shows that when the motion was made, the case was scheduled for trial immediately and that the State, at considerable expense, had brought its principal witness from Florida for this trial. The defendant's previously court appointed counsel had acted with diligence to inform the defendant several days earlier that the case was set for trial. Such delay as there was in bringing this to the defendant's attention was due to his own lack of cooperation with his then court appointed counsel. Subpoenas were issued promptly for the witnesses whom the defendant stated he wanted to call in his behalf. Some of them testified and it appears from the record that others, possibly all of them, were in the courtroom at the trial and the defendant elected not to put them on the stand. He rejected the court's offer of time to confer with witnesses before calling them to the stand.

Following the verdict, the defendant addressed the court with reference to the sentence to be imposed. His remarks disclose that he was not inexperienced in the ways of the criminal courtroom. He stated to the judge that the "long record," which the judge was examining, contained probably "no more than about twenty times" when he was guilty and "about forty times" when he had "been just snatched up and carried to jail

for nothing." There is nothing in this record to indicate an abuse of discretion in the denial of the motion for continuance, or that the defendant was prejudiced by being required to proceed with the trial.

[3] There was no error in the court's directing the defendant to omit from his argument to the jury any recital of facts not in evidence and telling him that he could only argue to the jury "what you think the evidence that has already been offered tends to show and how you think they should find in this case." The contention in the defendant's brief that this precluded the defendant from arguing applicable law to the jury is without merit. It is obvious that the remarks of the judge were not so intended and could not reasonably have been so construed. It is not suggested that but for this direction he would have read or referred to any legal authority in his argument.

[4] The court instructed the jury: "You may return one of two verdicts in the case: Guilty as charged, that is, guilty of attempted armed robbery; or, not guilty." The defendant contends that it was error not to instruct the jury that it could return a verdict of guilty of attempted common law robbery, assault, attempted larceny from the person or attempted simple larceny. There is no merit in his contention. Apart from the defendant's possession and handling of the pistol, there was no evidence of any criminal offense by him on this occasion. There is nothing in the record to indicate an assault for any purpose other than to rob. There is no evidence to indicate an intent to rob anyone or to steal anything without the use of the pistol.

[5] The trial judge is not required to submit to the jury the question of a lesser offense, included in that charged in the indictment, where there is no evidence to support such a verdict. *State v. Williams,* 275 N.C. 77, 165 S.E. 2d 481; *State v. Lentz,* 270 N.C. 122, 153 S.E. 2d 864, *cert. den.* 389 U.S. 866, 88 S.Ct. 133, 19 L. Ed. 2d 139; *State v. Bridges,* 266 N.C. 354, 146 S.E. 2d 107; *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545. If, as the defendant contends in his brief, the jury might have believed from the evidence that the defendant's sole purpose in lifting the pistol from the purse was to enable him to search in the purse for money with which to pay for the whiskey, then the defendant was guilty of no crime for which he could lawfully have been convicted under this indictment, and the jury, so believing, should have returned a verdict of not guilty.

[6]   Under this indictment he could not have been convicted of the offense of carrying a concealed weapon, as the defendant suggests in his brief. Conviction of that offense required proof of the fact of concealment of the weapon, which is not an essential element of the crime of attempt to commit armed robbery and is not alleged in the bill of indictment. *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44; *State v. Rorie,* 252 N.C. 579, 114 S.E. 2d 233; 27 AM. JUR. 2d, Indictment and Informations, § 97.

[7]   The two elements of an attempt to commit a crime are: (1) An intent to commit it, and (2) an overt act done for that purpose, going beyond mere preparation, but falling short of the completed offense. *State v. McNeely,* 244 N.C. 737, 94 S.E. 2d 583; *State v. Surles,* 230 N.C. 272, 52 S.E. 2d 880. The court so instructed the jury in the present case.

[8]   The trial judge closed his charge to the jury as follows:

"I instruct you finally that if the State has satisfied you from the evidence and beyond a reasonable doubt that the defendant * * * entered this store with the intent to commit armed robbery [again defining armed robbery] and that he not only intended to commit the offense but that he did some overt act, that is, some visible act, which went beyond mere preparation to commit the offense but which fell short of the actual commission of the offense.

"Now, members of the jury, I instruct you that taking a thirty-eight caliber pistol out of a purse would be such an overt act as would satisfy this element of the offense.

"If you so find, members of the jury, beyond a reasonable doubt, then it would be your duty to return a verdict of guilty as charged against the defendant.

"If you fail to so find, or, if upon a fair and impartial consideration of all the evidence in the case you have a reasonable doubt either that the defendant did not intend to commit the crime of armed robbery, or, if he intended to do so he did not commit the overt act necessary to constitute an offense, then, members of the jury, it would be your duty to give the defendant the benefit of that doubt and to find him not guilty."

[8, 9]   A charge must be construed contextually and not in disjointed fragments. *State v. Shaw,* 263 N.C. 99, 138 S.E. 2d 772;

State v. Powell

*State v. Lee,* 192 N.C. 225, 134 S.E. 458. So construed, it is obvious that the statement that taking the pistol from the purse would be "such an overt act as would satisfy this element of the offense" was not an instruction that the intent with which the pistol was taken from the purse was immaterial. The jury could not reasonably have so construed this charge. Obviously, this was a parenthetical statement relating only to the second element of the offense charged. As such, it was not error. The defendant's contention that the sentence following this statement in the charge could have led the jury to believe that proof of this act, irrespective of the defendant's intent, would require a verdict of guilty is completely without merit. No jury could reasonably have so understood the instruction given by the court. The contention that this instruction violates G.S. 1-180 by putting unequal stress upon the contentions of the State and of the defendant is likewise without merit.

The defendant's counsel, in his brief, states that six other assignments of error appear to be without merit but, mindful no doubt of the defendant's dissatisfaction with his predecessor, he requests us to examine them. We have done so and concur in his appraisal thereof. He has searched diligently through the record for some basis for granting a new trial to the defendant but unsuccessfully.

No error.

Justice HUSKINS concurring:

It is noted that defendant's court-appointed trial counsel was the same lawyer defendant himself had employed before indigency overtook him. Despite the fact that this lawyer won a new trial for defendant on a former appeal, defendant requested his dismissal because his services, for reasons unknown, had become unsatisfactory. He sought to assign as error in this Court the fact that the trial judge refused to conduct a *voir dire* inquiry into the alleged incompetency of his dismissed counsel.

Defendant's present counsel were appointed to perfect his appeal. They have prepared his case well and presented it ably. Yet defendant will no doubt attack them and question their competency in some future post conviction or *habeas corpus* proceeding. Seemingly, it has become fashionable for those who enjoy the benefits of assigned counsel to try their lawyer instead

of their case. I fully concur in the majority opinion and, at the same time, reject defendant's attempt to discredit his trial counsel. Competent lawyers are entitled to some protection from the slings and arrows of unappreciative clients.