STATE OF NORTH CAROLINA v. ALBERT HUMPHREY

No. 713SC608

(Filed 15 December 1971)

1. **Criminal Law § 46— evidence of flight — hearsay testimony — harmless error**

    The admission of hearsay testimony relating to defendant's plans for flight, although erroneous, was not prejudicial to defendant in this robbery prosecution, where there was the subsequent admission of similar testimony without objection.

2. **Criminal Law § 73— hearsay testimony**

    Evidence is hearsay when its probative force depends in whole or in part on the competency and credibility of some person other than the witness from whom the information is sought.

3. **Criminal Law § 36.1— alibi — instructions**

    Although trial court's instructions on alibi failed to charge the jury to consider the evidence of alibi together with all other evidence in the case, the charge, when taken as a whole, sufficiently instructed the jury that their verdict should be based on all the evidence.

APPEAL by defendant from *Rouse, Judge,* May 14, 1971 Session of CRAVEN Superior Court.

Defendant was charged in a bill of indictment with common law robbery.

The State introduced evidence tending to show that the defendant met Ark Smith for the first time in the Moonlight Inn Club in New Bern. The two remained there about an hour and then left to attend a party at a place referred to as the Center. They were joined by two other men as they left the Moonlight Inn; and upon arriving at the Center, they found the party to be over and the area deserted. The three men then knocked Ark Smith to the ground striking him several times and the defendant took Ark Smith's wallet and watch and ran. The defendant was arrested three days later.

The defendant introduced evidence tending to show that he met Ark Smith at the Moonlight Inn at around 10:00 p.m. on March 21, 1971; that Ark Smith was "high"; that the two of them had several drinks there and at the Rib House; that the defendant left Ark Smith and went alone back to the Moonlight Inn and then to a place known as Lindberg's arriving at approximately 11:00 or 11:15 p.m. and that he had not seen Ark Smith again that evening after leaving the Rib House.

At the trial Ark Smith was permitted to testify, over defendant's objections, that the police officers investigating the alleged offense told him, "they would go over there and try to identify him by the clothes he was wearing and try to stop him at the airport."

The trial court charged the jury on the effect of evidence of flight.

The trial court gave the following charge on the issue of alibi:

"Now the Court charges you that the defendant contends that he was at some other place at the time that the alleged robbery was to have taken place. This is known as an alibi. The word 'alibi' simply means somewhere else. The burden of proving an alibi does not rest upon the defendant. To establish the defendant's guilt, the State must prove beyond a reasonable doubt that the defendant was

present at, and participated in, the crime charged. The defendant's contention that he was not present and did not participate is simply a denial of facts essential to the State's case. Therefore, I charge you that if, upon considering the evidence with respect to the alibi, you have a reasonable doubt of the defendant's presence there or participation in the crime charged, you must find him not guilty."

The jury returned a verdict of guilty and judgment was entered imposing a prison sentence.

From the verdict and judgment, defendant appeals.

*Attorney General Robert Morgan by Assistant Attorney General William W. Melvin and Associate Attorney Louis W. Payne, Jr., for the State.*

*David S. Henderson for defendant appellant.*

CAMPBELL, Judge.

The defendant raises two questions on appeal:

1. Whether the trial court committed prejudicial error in allowing the State's witness to give hearsay evidence of flight and in instructing the jury on the consideration of evidence of flight.

2. Whether the court's instructions to the jury on the principles of alibi were proper.

[1]  Over objection by defendant, the trial court allowed the State's witness, Ark Smith, to testify that police officers told him they would " . . . try to stop him [defendant] at the airport." The defendant contends that this testimony was hearsay and therefore inadmissible, and that this testimony was made prejudicial to the defendant when the judge instructed the jury that it could consider evidence of flight, together with other facts, in determining whether the combined circumstances amounted to an admission or consciousness of guilt.

[1, 2]  Evidence is hearsay when its probative force depends in whole or in part on the competency and credibility of some person other than the witness from whom the information is sought. It is incompetent to establish any specific fact susceptible of being proved by witnesses who speak from their own

State v. Humphrey

knowledge. *State v. Kluttz*, 206 N.C. 726, 175 S.E. 81 (1934). We agree with defendant that the testimony in this case is hearsay and should have been excluded from evidence. There was, however, ample evidence of flight admitted without objection by defendant. There was testimony that defendant had told Smith he was going back to New York and was going to catch a 1:00 o'clock plane. Smith told this to the police. There was also evidence that defendant ran after taking Smith's watch and that all three of the men ran off together after robbing Smith. Conceding that it was error to admit the evidence objected to by defendant, there is still ample evidence of flight to be considered by the jury. The error in the admission of testimony was rendered harmless by the later admission of substantially similar testimony without objection. *State v. Gordon*, 224 N.C. 304, 30 S.E. 2d 43 (1944). The charge to the jury on consideration of the evidence of flight was based on ample evidence in addition to that objected to by defendant. We find no reversible error in the admission of the challenged testimony or in the charge to the jury on the issue of flight.

[3] The defendant also assigns as error the trial court's charge to the jury on alibi. The defendant contends that it was error for the trial court to instruct, "that if, upon considering the evidence with respect to the alibi, you have a reasonable doubt of the defendant's presence there or participation in the crime charged, you must find him not guilty." It is argued that this instruction limited the jury's consideration of evidence of alibi and required the jury to consider it independently of other evidence and that a proper instruction would charge the jury to consider the evidence of alibi together with all the other evidence.

We agree that a better instruction would state to the jury, explicitly, that the evidence of alibi should be considered with all the other evidence. In *State v. Bridgers*, 233 N.C. 577, 64 S.E. 2d 867 (1951), the North Carolina Supreme Court suggested the proper form for a charge on alibi:

" 'Therefore, the defendant's evidence of alibi is to be considered by you like any other evidence tending to refute or disprove the evidence of the State. And if upon consideration of all the evidence in the case, including the defendant's evidence in respect to alibi, there arises in your minds

a reasonable doubt as to the defendant's guilt, he should be acquitted.' "

We do not, however, agree with the defendant that the charge in this case is reversible error. The charge to the jury must be considered as a whole, in the same connected way as given to the jury with the presumption that the jury did not overlook any portion of it and if, when so construed, it presents the law fairly and correctly, there is no ground for reversal, although some of the expressions, when standing alone, may be regarded as erroneous. *State v. Hairston,* 222 N.C. 455, 23 S.E. 2d 885 (1942) (citing cases). In examining the charge in the case before us, we find that the trial judge instructed the jury, in numerous instances, that they should consider "all the evidence" or "the evidence" (unqualified). We are of the opinion that in so doing the trial judge sufficiently emphasized to the jury that their verdict should be based on all the evidence. It is to be noted that the charge was correct in the essentials that alibi is not an affirmative defense and that the burden is not on the defendant to prove the alibi but that the burden is on the State to prove the defendant's presence at and participation in the crime charged in the indictment. We conclude that, although the charge on alibi was not perfect, when considered with the remainder of the charge it presented a fair and accurate statement of the law and was not reversible error.

We commend the instruction quoted from *State v. Bridgers, supra,* to the attention of trial judges for instructions on alibi.

In the entire trial we find,

No error.

Judges MORRIS and PARKER concur.