STATE OF NORTH CAROLINA v. CLARENCE WHEELER AND JERRY MARTIN

No. 7420SC247

(Filed 15 May 1974)

1. Robbery § 5— armed robbery — sufficiency of instructions
     The trial court's instruction to the jury in an armed robbery case was sufficient where it included a reading of G.S. 14-87 in its entirety, the court set out specifically each of the elements of the offense, and the court then applied each of the elements of the offense to the evidence brought out by both parties to the trial.

2. Constitutional Law § 34; Criminal Law § 26— armed robbery and felonious assault — two distinct offenses
     Since armed robbery and felonious assault are separate and distinct offenses, it was not error for the trial court to charge the jury on both offenses and sentence defendants for both offenses, though both arose out of the same conduct.

State v. Wheeler

APPEAL by defendants from *Martin (Robert M.), Judge,* at the 27 August 1973 Session of UNION Superior Court.

Heard in the Court of Appeals 19 April 1974.

The defendants, Clarence Wheeler and Jerry Martin, were indicted along with one James A. Bumgardner for felonious armed robbery of Mrs. Annie Lemmonds in Union County on or about 19 May 1973 and were also charged with an assault with a deadly weapon inflicting serious injury not resulting in death upon Mrs. Lemmonds. At the trial, Bumgardner testified for the State.

The State's evidence tended to show that the defendants and Bumgardner had been drinking before going to the home of Mrs. Lemmonds. When Mrs. Lemmonds answered the door, the three men shouldered past her and began running all through the house and saying they were going to rob the old woman. Bumgardner testified that at this point he left and got into the car. Mrs. Lemmonds testified that she told them to leave or she would call the police. She further testified that Bumgardner then yanked the phone out of the wall. Mrs. Lemmonds then told them that she had one $5.00 bill which she would get for them. She got her pocketbook and took out the $5.00 bill which she laid on a chair. Bumgardner then knocked Mrs. Lemmonds down and emptied the contents of the pocketbook onto the floor. There was no other money. Mrs. Lemmonds then testified that as Bumgardner started out, he struck her across the back of the neck with a knife he had gotten from her kitchen, picked up the telephone and walked out with the others. Bumgardner testified that he was out in the car and that he did not know what, if anything, Wheeler and Martin did to Mrs. Lemmonds. Bumgardner testified that Wheeler and Martin came out of the house with a telephone and knife, or knife handle, which they threw out of the car window about a quarter of a mile away. Martin allegedly then told Bumgardner that he would kill Bumgardner if he said anything about what had happened. The knife blade was found in the hallway of Mrs. Lemmonds' home and bore defendant Wheeler's fingerprints. The telephone and knife handle were found one quarter mile from Mrs. Lemmonds' home. From a verdict of guilty as charged and concurrent sentences of 20-25 years for the armed robbery and 9-10 years for the assault with a deadly weapon with intent to kill inflicting serious injury not resulting in death, both defendants appealed.

*Attorney General Robert Morgan by Associate Attorney Jerry J. Rutledge for the State.*

*Coble Funderburk for defendant appellee Martin.*

*Joe P. McCollum, Jr., for defendant appellee Wheeler.*

CAMPBELL, Judge.

[1]  Defendants assign as error the failure of the trial court to define correctly the offense of armed robbery in that the trial court left out an essential part of the statute on armed robbery, G.S. 14-87, which reads: "[W]hereby the life of a person is endangered or threatened. . . ." The portion of the charge to which defendants except reads as follows:

> "Robbery is the felonious taking, members of the jury, or attempt to take, of money or of goods of any value from the person of another or in his presence against his will by violence or by putting him in fear. The gist of the offense is the taking or the attempt to take by force or putting him in fear.
>
> Now, armed robbery, members of the jury, is the taking of money or goods of any value from the person of another or in his presence, against his will by violence or putting him in fear by means of a deadly weapon or other dangerous weapon, implement or means."

Immediately prior to the above portion of the charge the trial court read to the jury G.S. 14-87 in its entirety. The trial court then went on to set out specifically each of the elements of the offense. Finally the trial court applied each of the elements of the offense to the evidence brought out by both parties to the trial. The part of the instruction which the defendants contend was error has been lifted out of context. It was a short statement designed to point out that "armed robbery" is not the same as the common-law offense "robbery." A reading of the full instruction given by the trial court shows that each of the essential elements of the offense was fully explained and that the law with respect to each element was applied to the evidence thereon. Viewed contextually the charge was correct. See *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1970), and *State v. Powell,* 277 N.C. 672, 178 S.E. 2d 417 (1970).

[2]  The defendants also assign as error the instruction of the trial court that the jury must consider the charge of assault

with a deadly weapon with intent to kill inflicting serious injury regardless of how they answered the charge of armed robbery. Defendants also assert that it was error to sentence on both offenses. Defendants' contention is that both offenses arose out of the same conduct and that therefore separate judgments should not be allowed. However, neither the infliction of serious injury nor an intent to kill is an essential element of the charge of armed robbery. *State v. Richardson,* 279 N.C. 621, 185 S.E. 2d 102 (1971). The armed robbery and felonious assault charges upon which the defendants were convicted are separate and distinct offenses, and it was not error for the trial judge to charge the jury as he did or to sentence the defendants as he did.

We have reviewed defendants' other assignments of error and find them without merit. We find no error.

No error.

Judges MORRIS and VAUGHN concur.