STATE OF NORTH CAROLINA v. HENRY WILLIS, JR., AND TYRONE WILLIAMS

No. 7426SC495

(Filed 17 July 1974)

1. Criminal Law § 116— charge on defendants' failure to testify — lapsus linguae
    Trial court's erroneous instruction that the failure of defendants to testify "is to be regarded to their prejudice in any respect" was a mere *lapsus linguae* which did not prejudice defendants.

2. **Criminal Law § 116— charge on defendants' failure to testify — absence of request**

   While it is the better practice to give no instruction on the failure of defendants to testify absent a request therefor, there is no error in giving an unrequested instruction if it correctly states the law.

3. **Robbery § 4— uncertainty of identification testimony — sufficiency of evidence for jury**

   In an armed robbery prosecution, the State's evidence of the identity of one defendant as one of the robbers was sufficient for the jury even though the victim testified that he did not see the features of such defendant's face and that he was unable to identify him without the aid of a jacket and hat allegedly worn by one of the robbers.

4. **Criminal Law § 128— motion for mistrial — statement to victim's wife**

   The trial court in an armed robbery prosecution did not err in the denial of defendant's motion for mistrial based on an extrajudicial statement of a young girl to the victim's wife that the girl had had a baby by the defendant.

5. **Criminal Law § 128— motion for mistrial — jury hearing verdict in prior case**

   The trial court did not err in the denial of a motion for mistrial made on the ground that the jury was allowed to hear the jury in a previous case render its verdict.

APPEAL from *Falls, Judge,* 7 January 1974 Session of MECKLENBURG County Superior Court. Heard in the Court of Appeals 12 June 1974.

Both defendants were charged in valid bills of indictment with the armed robbery of Wilbert Brown. Brown's testimony at trial tended to show that two men approached him on the street, pointed pistols at him, and took his wallet. On voir dire, Brown testified that he got a good look at defendant Williams during the robbery. He was able to observe that defendant Willis was brown-skinned and that he was wearing a big wide-brimmed hat and a black jacket, but that he did not notice his facial features. After the police had arrested defendants, Brown was taken to a service station where he confronted defendants. He identified Williams immediately, and he identified Willis after he had put on a hat and coat taken from the police vehicle. In response to a question of the court, Brown testified that his identification of defendants was not influenced by anything that happened after the robbery. At the conclusion of voir dire, the court made the following findings of fact and conclusions of law:

" . . . Based upon the evidence presented on voir dire with respect to the identification, the court finds as a fact that

approximately thirty minutes after the alleged robbery, the police informed the prosecuting witness that they had three male blacks that they would like for him to see, that he met them at the Tenneco Service Station on Barringer Drive and Clanton Road, that he met the officers there and a black male was taken out of an automobile and the prosecuting witness said he was not one of the persons who robbed him, that another black male was taken from the police car and the prosecuting witness asked if he had a hat and a black jacket. . . .

A black hat and black jacket, that the police got a black hat and black jacket out of their police car and placed the articles on the black male that was taken from the police car, after which time the prosecuting witness positively identified this subject as one of the persons who robbed him; that another black male was taken from the car and the prosecuting witness identified him immediately as being the person who stood in front of him and robbed the prosecuting witness;

That the police did not suggest anything to influence the identification made by the prosecuting witness at the time. No statement was made by the police to assist or influence the prosecuting witness in the identification of the two defendants, Willis and Williams. Based upon the foregoing, the court concludes that the identification of this witness of the two defendants was not tainted by anything other than his recognition of the two defendants as being the ones that he saw get out of a Maverick or Pinto automobile on Barringer Drive and walk along the sidewalk opposite him before crossing over to his side of the street where the robbery took place."

Officer Eberhardt of the Charlotte Police Department testified that he first approached defendants when they were inside an automobile. He saw a black hat in the back seat with a pistol protruding. Officer Eberhardt thereupon called for another patrol car and got a description of the suspects in the armed robbery. Officer Eberhardt arrested defendants, and he took them to the service station where they were identified by Brown. Two pistols were seized from the vehicle in which defendants were seated when arrested, and Brown identified them as being the pistols involved in the robbery.

At the close of State's evidence, motion for nonsuit was denied as to both defendants. In addition, the court denied motions for mistrial made by counsel for both defendants.

After instructing the jury that neither defendant had offered testimony, and neither was required to do so, the court instructed as follows:

> "He may offer witnesses or not, just as he sees fit, *and the fact that neither Willis nor Williams offered testimony is to be regarded by you to their prejudice in any respect.* The burden is on the State of North Carolina from the beginning to the end of this trial." (Emphasis added.)

The jury returned a verdict of guilty as to each defendant. From the signing and entry of judgment, both defendants appealed.

*Attorney General Morgan, by Associate Attorney John R. Morgan, for the State.*

*Arthur Goodman, Jr., and Howard J. Greenwald for defendant Willis.*

*J. Reid Potter for defendant Williams.*

MORRIS, Judge.

Both defendants assign error to the above quoted portion of the court's instruction to the jury. It is elementary that the law is that the jury is *not* to infer guilt from the fact that the defendant neither testifies nor presents evidence. G.S. 8-54. Whether by error of the reporter or inadvertence of the court, the record before us clearly shows an erroneous instruction that,

> "The fact that neither Willis nor Williams offered testimony is to be regarded to their prejudice in any respect."

The court further instructed that, "The burden is on the State of North Carolina from the beginning to the end of this trial." The court had previously instructed that the defendants were not obligated to offer testimony or to establish their innocence. He further instructed that defendants were presumed innocent, and they could elect whether to take the stand.

[1, 2]  Thus, it appears that the erroneous instruction was a mere slip of the tongue, and that the court intended to say, " (the failure to testify) is *not* to be regarded to their prejudice." A

*lapsus linguae* in the instruction will not be held to be prejudicial error if not called to the attention of the court and if it does not appear that the jury could have been prejudiced thereby. *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1 (1966), cert. denied, 386 U.S. 911.

> "The charge to the jury must be considered as a whole, in the same way connected as given to the jury with the presumption that the jury did not overlook any portion of it and if, when so construed, it presents the law fairly and correctly, there is no ground for reversal, although some of the expressions, when standing alone, may be regarded as erroneous." *State v. Humphrey,* 13 N.C. App. 138, 142, 184 S.E. 2d 902 (1971).

Defendants further contend that it was error for the court to instruct—absent request—on their failure to testify. While it is the better practice to give no instructions in such a case, there is no error in giving an unrequested instruction if it correctly states the law. *State v. Potter,* 20 N.C. App. 292, 201 S.E. 2d 205 (1973).

[3] We cannot sustain defendant Willis' contention that his motion for nonsuit should have been granted on the ground that no competent evidence tended to show that he was one of the robbers. This position is grounded on the uncertainty of Wilbert Brown's identification of Willis. On voir dire the court made findings of fact based on competent evidence and ruled that the identification was not tainted. Defendant Willis brings forward no exception to this ruling. The testimony of Brown that he did not see the features of Willis' face and that he was not able to identify Willis without the aid of a jacket and a hat bears only on the weight, not the admissibility of the testimony. *State v. Bridges,* 266 N.C. 354, 146 S.E. 2d 107 (1966). Under the well-established test for nonsuit, the evidence against defendant Willis was ample for the jury.

[4] Defendant Willis assigns error to the denial of his motion for mistrial. It is his contention that he was prejudiced by an extra-judicial statement of a young girl to Mrs. Wilbert Brown that, "She had a baby by Henry Willis and she said that her mother knew my husband and she wanted him to call her." Defendant contends that without this testimony, the jury would have had a reasonable doubt as to the guilt of Willis. As we have stated, the testimony of Wilbert Brown identifying Willis

as his assailant is sufficient for submission to the jury. The extra-judicial statement does not strengthen the State's position relative to the sufficiency of the evidence. Even if the admission of this evidence be error, defendant has not shown that he was prejudiced. This assignment of error is therefore overruled.

[5]   Defendant Williams likewise assigns error to the denial of his motion for mistrial. He contends that he was prejudiced by the fact that the jury was allowed to hear another jury render its verdict in a previous case. Defendant has neither shown prejudice nor offered authority. We therefore overrule this assignment of error.

No error.

Judges BRITT and BALEY concur.