STATE OF NORTH CAROLINA v. NORMAN HARGROVE

No. 7711SC269

(Filed 7 September 1977)

**Criminal Law § 73.1— admission of hearsay—prejudicial error**

In a prosecution for possession and sale of marijuana, testimony by an SBI agent that he told an undercover agent who allegedly purchased marijuana from defendant that he had information from different reliable sources that defendant was dealing in narcotics out of his vehicle and his residence and that it was possible for an undercover agent to make a buy from defendant was hearsay and erroneously admitted by the court. Furthermore, such error was not cured by the admission without objection of the undercover agent's testimony that he had heard the SBI agent testify at the preliminary hearing that an unidentified black male indicated to him that marijuana could probably be purchased at defendant's, since the evidence was not of the same import as the SBI agent's trial testimony.

APPEAL by defendant from *James, Judge*. Judgment entered 16 November 1976 in Superior Court, HARNETT County. Heard in the Court of Appeals 25 August 1977.

Defendant was indicted for possession of marijuana with intent to deliver, and for sale of marijuana. State's evidence tended to show the following: W. J. Brewington testified that on 17 March 1976 he was a member of the Tri-County Bureau of Narcotics. He went to Harnett County at the request of another agent, Randy Sturgill. At 1:15 p.m. he went to the house of defendant, talked to defendant, and told defendant that he wanted to buy some marijuana. After defendant told Brewington that he could get anything Brewington wanted, Brewington asked for two ounces of marijuana. Defendant then went into the house in the kitchen and Brewington saw him with two plastic bags containing vegetable matter. Defendant handed the bags to a young black male and the black male gave

the bags to Brewington in exchange for two $20 bills. Brewington then met Agent Sturgill and gave Sturgill the two plastic bags. Randy Sturgill was then called to testify that he is an agent with the Tri-County Bureau of Narcotics. He testified over objection that on 17 March 1976 he had a conversation with Agent Brewington in which he told Brewington that he had information from different reliable sources that defendant was dealing in narcotics out of his vehicle and his residence and that it was possible for an undercover agent to make a buy from defendant. Sturgill further testified over defendant's objection that he and Brewington did not communicate with one another by walkie-talkie because they had information from a confidential reliable source that defendant monitored police calls on scanners that he had.

Defendant testified in substance that he was on probation for a prior conviction of possession of marijuana but that he had never seen Brewington and did not sell anyone any marijuana or possess any marijuana on 17 March 1976. Defendant was convicted of possession with intent to sell and sentenced to 3 to 4 years. He appealed.

*Attorney General Edmisten, by Assistant Attorney General George W. Boylan, for the State.*

*Stewart & Hayes, P.A., by Gerald W. Hayes, Jr., for the defendant.*

MARTIN, Judge.

In his first assignment of error, the defendant contends that the trial court erred in overruling his objection to testimony by Agent Sturgill concerning the information obtained from reliable sources. Sturgill was allowed to testify, over defendant's objection, to a conversation with Agent Brewington in which Sturgill related that someone else told him that defendant "was dealing in narcotics out of his vehicle and out of his residence in Erwin," and that "it was possible for an undercover agent to possibly go in and make a buy from [defendant]." Defendant contends that this evidence constituted hearsay and that its introduction at trial was prejudicial. We agree.

An extrajudicial statement offered to prove the truth of the matter asserted therein constitutes hearsay. The probative force of such evidence, in whole or in part, depends upon the credibility and competence of the declarant—a person other than the witness from whom the information is sought—who is neither under oath nor sub-

ject to cross-examination; consequently, such evidence, with certain recognized exceptions not presently applicable, is incompetent. *State v. Kluttz*, 206 N.C. 726, 175 S.E. 81 (1934); *State v. Humphrey*, 13 N.C. App. 138, 184 S.E. 2d 902 (1971); 1 Stansbury's N.C. Evidence § 138 (Brandis Rev. 1973). In the case at bar, introduction of Agent Sturgill's statements to Agent Brewington relating to "information from different reliable sources of information" was tantamount to the introduction of the extrajudicial statements of the original informers and therefore inadmissible hearsay.

The Court recognizes the well established rule in North Carolina that prejudice created by the admission of incompetent evidence over objection is "cured" by the subsequent admission without objection of evidence of similar import. See *State v. Wright*, 270 N.C. 158, 153 S.E. 2d 883 (1967). However, we hold that the facts of the instant case do not warrant the application of this rule. In his subsequent testimony, defendant merely stated that he had heard Agent Brewington testify at the preliminary hearing to a conversation with an unidentified black male who indicated that marijuana could be purchased "probably over to Norman Hargrove's." This evidence is clearly not of the same import as Agent Sturgill's testimony. Agent Sturgill's testimony related to information from "different reliable sources" and concerned defendant's "dealing in narcotics out of his vehicle and his residence." Moreover, defendant was not testifying to these facts so as to put them into evidence; rather, he simply repeated what Agent Brewington had testified to at the preliminary hearing.

We hold that the trial court's admission of prejudicial hearsay entitles defendant to a new trial.

As defendant's other assignments of error may not arise on a retrial, we refrain from any discussion thereof.

New trial.

Judges PARKER and ARNOLD concur.