STATE OF NORTH CAROLINA v. JAMES QUINN

No. 7715SC933

(Filed 6 June 1978)

Criminal Law § 66.11— confrontation at crime scene—in-court identification not tainted

> Evidence was sufficient to support the trial court's finding that an armed robbery victim's in-court identification of defendant was based on observation of defendant's face at the time of the robbery and was not tainted by an identification made thirty minutes to an hour after the robbery at the crime scene while defendant was sitting in the back seat of a sheriff's department vehicle.

APPEAL by defendant from *Albright, Judge.* Judgment entered 7 July 1977 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 10 March 1978.

Defendant was charged with armed robbery in two bills of indictment, to which charges he pled not guilty. The two cases were consolidated for trial. Prior to trial and in the absence of the jury, defendant moved to suppress evidence of out-of-court and in-court eyewitness identifications. A *voir dire* hearing was held, following which the trial court made findings of fact and conclusions of law and ordered the admission of the challenged testimony.

The evidence for the State on *voir dire* and at trial was substantially the same and tended to show the following: On 7 April 1977 at about 1:15 p.m. defendant and James Bigelow entered Campbell's Station and Grocery, a small country store located on U.S. Highway 70 between Haw River and Mebane in Alamance County. At the time, the proprietor Hugh Campbell was alone in the store. Defendant pulled a gun and told Campbell to open the cash register. At this time, Randy Mann and John Stinson arrived in a wrecker driven by Mann, and Stinson entered the store to get an air gauge. Mann remained outside at the air pump. As Stinson entered the store, Bigelow exited, walked past Mann, and got into a purple MG automobile. Stinson walked up and stood beside defendant, at which time defendant grabbed him around the waist, showed him the gun, and ordered both Stinson and Campbell to lie down on the floor. Defendant took money from the cash register and removed Campbell's and Stinson's wallets and took money from them. The total amount of money taken from the cash register and wallets was between $99.00 and $112.00.

During the time that defendant was carrying out the robbery, Mann observed Bigelow walk back to the door of the store and motion with his hand. He glanced at the two robbers as they left but was later unable to identify them. He heard the door shut on the purple MG and saw it leave the premises headed east toward Mebane and Orange County on U.S. Highway 70. After walking to the door of the store and observing Stinson and Campbell lying on the floor, Mann returned to his wrecker and utilized his CB radio to contact the Sheriff's Department.

At approximately 1:30 p.m. Sergeant Sizemore and Trooper Wade of the Highway Patrol were parked in separate cars just off Interstate 85 at the Efland exit. At this time, an ABC officer drove up and informed them of the robbery and that the suspect vehicle was a purple MG occupied by two black males possibly traveling east on U.S. Highway 70 or north on Interstate 85. Shortly thereafter Sergeant Sizemore observed a purple MG traveling north on the interstate. The two patrolmen pursued the vehicle, and after receiving a radio dispatch confirming the ABC officer's report and further ascertaining that there were two black males inside the MG, they stopped the vehicle as it exited

the interstate at the Highway 86 (Hillsborough-Chapel Hill) exit, in the parking lot of a convenience store.

Defendant and Bigelow were then apprehended. Bigelow had been driving the MG. Defendant was searched and a folded quantity of money in the amount of $53.00 was found in his pocket. The MG was searched; a .32-caliber pistol was found under the passenger seat, and a second quantity of money in the amount of $53.00 was found between the driver's seat and the center console.

Some thirty minutes to an hour after the robbery, the witness Stinson was taken by a deputy sheriff to the arrest scene and was asked if he saw anyone he knew. He answered in the affirmative, identifying defendant who was in the back seat of a sheriff's department vehicle. Stinson testified on *voir dire* that no one pointed defendant out to him that he knew defendant the minute he saw him and that his identification of defendant was based upon his observation of defendant inside Campbell's grocery store.

Defendant presented no evidence.

The jury returned verdicts of guilty as charged in both cases. Thereupon the court imposed judgment sentencing defendant to imprisonment for a term of not less than sixty nor more than eighty years, inasmuch as the offenses were committed while defendant was on federal parole from an active sentence for a bank robbery conviction. From the foregoing judgment, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Ben G. Irons II, for the State.*

*John P. Paisley, Jr. for defendant.*

BROCK, Chief Judge.

Defendant assigns error to the in-court identification of him by the witnesses Stinson and Campbell, on the grounds that they were the result of an improper out-of-court confrontation.

As to the identification of defendant by the witness Campbell, defendant's assignment of error obviously lacks merit. Camp-

bell did not participate in the out-of-court identification procedure. Granted, Campbell's identification was not positive. However, lack of positiveness as to identification goes to the weight of the evidence and not its admissibility. *State v. Bridges*, 266 N.C. 354, 146 S.E. 2d 107 (1966).

As to the admissibility of Stinson's testimony, the facts and circumstances of this case are strikingly similar to those of *State v. Westry*, 15 N.C. App. 1, 189 S.E. 2d 618, *cert. denied* 281 N.C. 763 (1972). We see no need to reiterate Chief Judge Mallard's discussion of the law relating to out-of-court identification procedures and in-court identification independent thereof. In the case *sub judice* the trial court admitted the identification testimony after finding that Stinson had ample opportunity to observe defendant's face, that the in-court identification of defendant by Stinson was of independent origin and did not result from any out-of-court confrontation, and that the out-of-court confrontation did not deny defendant due process of law and did not taint and render inadmissible the in-court identification of defendant by Stinson. These findings are supported by the evidence.

In our opinion, defendant received a fair trial, free from prejudicial error.

No error.

Judges HEDRICK and MITCHELL concur.