STATE OF NORTH CAROLINA
v.
RONTA SENCER GARY
No. COA08-1535
Court of Appeals of North Carolina.
Filed June 2, 2009
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Anne J. Brown, for the State.
William B. Gibson for Defendant-Appellant.
McGEE, Judge.
Ronta Sencer Gary (Defendant) was convicted on 22 July 2008 of obtaining property by false pretenses. The trial court sentenced Defendant to a minimum of six months and a maximum of eight months in prison. The trial court suspended Defendant's sentence and placed Defendant on supervised probation for thirty-six months. The trial court ordered Defendant to pay $5.00 restitution to her employer. Defendant appeals.
The State presented the following evidence at trial. Defendant worked as a cashier at a Kangaroo Express convenience store (the convenience store) in Durham in May 2007. Artemus Metcalf (Metcalf) purchased a North Carolina Education Lottery (NCEL) "scratch-off" ticket (the ticket) from Defendant on 30 May 2007 for $5.00. After Metcalf purchased the ticket he discovered that someone had tampered with it by scratching the ticket to reveal its security code numbers. Metcalf reported the tampering to the NCEL and returned to the convenience store to exchange the ticket for a new ticket.
Tracey Brine (Brine) was an outside protection investigator for the convenience store. Brine was notified of the tampering incident and retrieved the convenience store's security videotape for 29 May 2007. The jury viewed the 29 May 2007 videotape which showed a female clerk opening the lottery tower and placing scratch tickets in the tower. The videotape then showed the female clerk standing in front of the NCEL terminal at 10:12 a.m.
Jeremy Mittag (Mittag), an investigator with the NCEL, testified that each NCEL "scratch-off" ticket is marked with an individual security code which is used to determine if the ticket is a winning ticket. When a player presents a "scratch-off" ticket to a retailer, the clerk first scans the ticket to see if it is a winning ticket. The clerk then scratches the security code on the bottom of the ticket in order to enter the ticket into the system to determine the amount of any payoff. Mittag examined the ticket in question and ran a report which revealed the ticket was scanned at the convenience store where Defendant worked at 10:14 a.m. on 29 May 2007.
At the close of the State's evidence, Defendant made a motion to dismiss. The trial court denied Defendant's motion. Defendant did not present any evidence. Defendant renewed her motion to dismiss and the trial court again denied Defendant's motion.

I.
Defendant argues in her assignment of error number four that the trial court committed plain error by instructing the jury that "[D]efendant has the burden of proving the identity of [] Defendant as the perpetrator of the crime charged beyond a reasonable doubt." (emphasis added).
Under plain error review, Defendant must demonstrate the claimed error is a
"`fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or `where [the error] is grave error which amounts to a denial of a fundamental right of the accused,' or the error has `resulted in a miscarriage of justice or in the denial to appellant of a fair trial' or where the error is such as to `seriously affect the fairness, integrity or public reputation of judicial proceedings[.]'"
State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir. 1982) (footnotes omitted), cert. denied, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)).
"`A mere slip of the tongue which is not called to the attention of the court at the time it is made will not constitute prejudicial error when it is apparent from a contextual reading of the charge that the jury could not have been misled thereby.'" State v. Reid, 335 N.C. 647, 667, 440 S.E.2d 776, 787 (1994) (quoting State v. Silhan, 302 N.C. 223, 257, 275 S.E.2d 450, 475 (1981)). "[T]he trial court's charge to the jury must be construed contextually and isolated portions of it will not be held prejudicial error when the charge as a whole is correct." State v. Boykin, 310 N.C. 118, 125, 310 S.E.2d 315, 319 (1984).
In State v. Baker, 338 N.C. 526, 564, 451 S.E.2d 574, 597 (1994), the trial court instructed the jury: "[I]f you . . . have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of guilty." (emphasis added). Our Supreme Court held that where the trial court repeatedly instructed the jury that the State had the burden of proving the defendant was guilty beyond a reasonable doubt, the trial court's lapsus linguae did not constitute prejudicial error. Id. at 565, 451 S.E.2d at 597.
In State v. Willis, 22 N.C. App. 465, 468, 206 S.E.2d 729, 731 (1974), the trial court intended to say, "the failure to testify is not to be regarded to their prejudice," but inadvertently instructed the jury: "[T]he fact that neither . . . [defendant] offered testimony is to be regarded by you to their prejudice in any respect." However, the trial court immediately followed the erroneous instruction by instructing the jury: "The burden is on the State of North Carolina from the beginning to the end of this trial." Id. Our Court held that the erroneous instruction was a mere slip of the tongue and not prejudicial where it appeared the jury could not have been misled when considering the entire charge as a whole. Id. at 468-69, 206 S.E.2d at 731.
In the present case, the trial court repeatedly charged the jury correctly as to the burden of proof. At the outset of trial, the trial court told the jury: "The burden of proof is on the State of North Carolina to prove to you that [] [D]efendant is guilty beyond a reasonable doubt." At the conclusion of the evidence, the trial court instructed the jury that Defendant was "not required to prove her innocence; she is presumed to be innocent" and that the "State must prove to you that [] [D]efendant is guilty beyond a reasonable doubt." During the final charge, the trial court again instructed the jury: "To find [] [D]efendant guilty the [State] must prove to you beyond a reasonable doubt by competent evidence that [] [D]efendant actually committed the crime." The trial court then gave the instruction to which Defendant assigns error: "I instruct you that [] [D]efendant has the burden of proving the identity of [] [D]efendant as the perpetrator of the crime charged beyond a reasonable doubt." (emphasis added) Defendant did not object to the trial court's instructions.
Because the trial court repeatedly instructed the jury correctly as to the burden of proof, we find that the trial court's lapsus linguae could not have misled the jury. Therefore, Defendant's assignment of error number four is overruled.

II.
Defendant argues in her assignment of error number two that the trial court erred in denying her motion to dismiss the charge because there was insufficient evidence to prove Defendant acted with a criminal intent when she sold the ticket to Metcalf.
The standard of review for a motion to dismiss in a criminal trial is "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of [the] defendant's being the perpetrator of such offense." State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980) (citing State v. Roseman, 279 N.C. 573, 184 S.E.2d 289 (1971)). "`Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" State v. Kraus, 147 N.C. App. 766, 769, 557 S.E.2d 144, 147 (2001) (quoting State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)). "In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." State v. Barnes, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) (citing State v. Benson, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992)).
Defendant concedes the elements of obtaining property by false pretenses were met with the exception of evidence sufficient to prove Defendant's intent. Defendant contends the evidence was insufficient to prove it was Defendant who scanned the ticket on 29 May 2007, or that she was aware a fellow employee had scanned the ticket and discovered it was a "loser" ticket. Defendant points to Mittag's testimony on cross-examination admitting the report he ran did not identify the particular clerk who scanned the ticket. Defendant argues there was "not even any competent testimony that [Defendant] was `the clerk' shown in the video."
A videotape may be admitted at trial as substantive evidence. N.C. Gen. Stat. § 8-97 (2007). In the present case, the State introduced a videotape from the surveillance camera at the convenience store and the trial court admitted it as evidence. The jury viewed the 29 May 2007 videotape which showed a female clerk opening the lottery tower and placing scratch tickets in the tower. The videotape then showed the female clerk standing in front of the NCEL terminal at 10:12 a.m. Mittag testified he examined the ticket and ran a report which revealed the ticket was scanned at the convenience store where Defendant worked at 10:14 a.m. on 29 May 2007. This evidence, taken in the light most favorable to the State with the benefit of all reasonable inferences, was sufficient for the jury to determine Defendant was the female clerk in the videotape and therefore possessed the requisite knowledge that the ticket was a "loser" ticket when Defendant sold the ticket to Metcalf. Therefore, Defendant's assignment of error number two is overruled.

III.
Defendant argues in her assignment of error number three that the trial court erred by ordering Defendant to pay $5.00 restitution to the convenience store because the order was not supported by competent evidence at trial or sentencing.
The evidence at trial showed that Metcalf paid $5.00 for the ticket. After Metcalf discovered the ticket had been tampered with, he returned to the convenience store and exchanged it for a new ticket. It follows that the convenience store was unable to sell the adulterated ticket, and thus was prevented by Defendant's actions from collecting $5.00 for the ticket. Therefore, we find there was sufficient evidence presented upon which the trial court based its restitution order. Thus, Defendant's assignment of error number three is overruled.
Defendant did not argue her remaining assignment of error and therefore it is abandoned pursuant to N.C.R. App. P. 28(b)(6). No error.
Judges JACKSON and ERVIN concur.
Report per Rule 30(e).