Justice NEWBY
concurring.
I fully agree with the majority opinion. I write separately simply to emphasize another way to understand the validity of the attempt *342 crime at issue. It seems confusion has arisen because the term “assault” sometimes refers to an attempted battery, but often in our criminal code “assault” refers to a completed battery. Here the disputed crime is attempted felonious assault with a deadly weapon inflicting serious injury under N.C.G.S. § 14-32. In this context, the term “assault” does not mean an attempted battery but requires a completed battery.
Section 14-32 describes three different types of felonious assault with a deadly weapon and assigns varying punishment levels to each:
(a) Any person who assaults another person with a deadly weapon with intent to kill and inflicts serious injury shall be punished as a Class C felon.
(b) Any person who assaults another person with a deadly weapon and inflicts serious injury shall be punished as a Class E felon.
(c) Any person who assaults another person with a deadly weapon with intent to kill shall be punished as a Class E felon.
N.C.G.S. § 14-32 (2015).
In State v. Birchfield we recognized that the statutory definition of “assault” under N.C.G.S. § 14-32 requires a completed battery:
To warrant the conviction of an accused of a felonious assault and battery under G.S. 14-32 . . . the State must produce evidence sufficient to establish beyond a reasonable doubt that he did these four things: (1) That he committed an assault and battery upon another; (2) that he committed the assault and battery with a deadly weapon; (3) that he committed the assault and battery with intent to kill the victim of his violence; and (4) that he thus inflicted on the person of his victim serious injury not resulting in death.
235 N.C. 410, 413, 70 S.E.2d 5, 7 (1952) (emphases added) (citations omitted) (upholding conviction for assault with a deadly weapon inflicting serious bodily injury). Thus, while the statute uses the term “assault,” it means “assault and battery” or a completed battery. See Williams v. United States, No. 1:11CR408-1, 2014 WL 1608268, at *1 (M.D.N.C. Apr. 22, 2014) (unpublished) (noting that “while other ... cases suggest a.definition of misdemeanor assault under N.C. Gen. Stat. § 14-33 ... the Birchfield definition of felony assault highlights the presence of a battery element”).
*343 Assault and battery is commonly defined as “the act of threatening to attack someone physically and then actually doing it.” Assault and Battery, Black’s Law Dictionary (10th ed. 2014). One who intends to commit felonious assault and battery with a deadly weapon, and who does an overt act for that purpose going beyond mere preparation, but who ultimately fails to complete all the elements of this offense, would be guilty of attempted felonious assault and battery under N.C.G.S. § 14-32 rather than the completed offense. See State v. Powell, 277 N.C. 672, 678, 178 S.E.2d 417, 421 (1971) (Proving “attempt” requires the State to show that a defendant intended to commit the underlying crime and committed “an overt act done for that purpose, going beyond mere preparation, but falling short of the completed offense.”).
The record reflects that defendant, represented by counsel, pled guilty to the offense of attempted assault with a deadly weapon inflicting serious injury in violation of N.C.G.S. § 14-32. Nevertheless, defendant suggests that he should not be held accountable for a conviction based upon his own admissions and plea agreement and further asks us to speculate.as to which of the elements under N.C.G.S. § 14-32 were satisfied. Since we are dealing with a theoretical issue, the question is simply whether under any scenario a defendant could be convicted of attempted assault with a deadly weapon inflicting serious injury in violation of N.C.G.S. § 14-32. Because the statutory definition of “assault” as used in N.C.G.S. § 14-32 requires a completed battery, one can be convicted of attempting to commit the offense.